[*Ex parte* King.]

# *Ex Parte* King.

*Application for Habeas Corpus.*

1. *Habeas corpus; sufficiency of evidence to remand petitioner to imprisonment.*—In *habeas corpus* proceedings, instituted by a person committed to jail for violation of the act "for the protection of landlords, proprietors or keepers of hotels and boarding-houses," approved February 21, 1893, (Acts 1892–93, p. 1089), it appeared that the petitioner, having no baggage, put up at the hotel, and told the proprietor that he was a member of a certain detective agency. The proprietor testified that such statement was the cause of his letting the petitioner have board and lodging, for which he had never paid. Two other witnesses testified that petitioner stated to them that he was not a member of the detective agency, but was "broke" and was trying to "beat his way." Petitioner denied making such statements, and testified that he was a member of such detective agency. *Held,* that petitioner was properly refused a discharge and remanded to imprisonment.

2. *Constitutionality of act for protection of landlords, proprietors of hotels, &c.*—The act "for the protection of landlords, proprietors or keepers of hotels and boarding-houses," approved February 21, 1893, (Acts 1892–93, p. 1089), does not violate sections 21 and 23 of article 1 of the constitution, which forbids imprisonment for debt, and the making of laws giving any special privileges or immunities.

APPEAL from the City Court of Montgomery.

Heard before the Hon. T. M. ARRINGTON:

The petitioner in this case was arrested under the act "For the protection of landlords, proprietors and keepers of hotels and boarding houses," as found on page 1089, of Acts 1892–93; and on default of bail was remanded to jail. Thereupon he sued out a writ of *habeas corpus* before the judge of the city court, seeking his discharge. The facts as disclosed on the hearing of the cause are sufficiently stated in the opinion. The judge of the city court refused to discharge the petitioner and remanded him to the custody of the sheriff, and from that decision he now appeals to this court.

W. S. REESE, JR., for appellant, cited *United States v. Fox,* 95 U. S. (Otto) 670; *Perry v. Washburn,* 20 Cal. 350; *Beasley v. State,* 59 Ala. 20; *Carlisle v. State,* 76 Ala.

[*Ex parte* King.]

75; 5 Amer. & Eng. Encyc. of Law, 143; *Anthony v. Savage*, 3 Pac. Rep. 548 ; *Zinn v. Ritterman*, 2 Abb. Prac. (N. S.) 262; Cooley's Const. Limitations, 416, § 8.

WM. L. MARTIN, Attorney-General, for the State. ·

HARALSON, J.—The petitioner put up at a hotel in Montgomery, and having no baggage, and being interrogated by the proprietor before going to his room, stated that he was a member of the Wells-Fargo Detective Agency, and thereupon the proprietor allowed him to board and lodge in the hotel. The defendant asked the proprietor—being examined as a witness for the State—if the fact of defendant saying he belonged to said detective agency was the cause of his letting the defendant have board and lodging; and the witness stated it was. He also testified, that defendant owed three dollars for board and lodging, which he has never paid, and was arrested about ten days after making said misrepresentations. Two other witnesses for the State testified, that they knew the defendant, and he told them he was not a member of a detective agency, was "broke" and was trying to "beat" his way on the railroads. The defendant testified, that he was a member of the Wells-Fargo Detective Agency, had received his commission while in Mexico, in January, 1894, and had never told Murphy and Jordan—the two State witnesses—that he was not a detective. He gave the same account as that deposed to by the proprietor of the hotel, as to what passed between them at the time he came to the hotel and registered. In answer to the solicitor, he stated that he was in Florida, on the first of January, 1894, and remained there four weeks. The *mittimus* of the justice of the peace, committing defendant to jail, bears date the 13th January, 1894, and the writ of *habeas corpus*, the 1st of February, 1894. On this evidence the judge of the city court refused to discharge the petitioner. In this, there was no error. On the evidence, there was probable cause to believe him to be guilty, and a jury so finding, a court would not disturb their verdict.

There is nothing in the point raised in the application, that the act, "For the protection of landlords, proprietors or keepers of hotels and boarding houses," approved February 21, 1893, (Acts 1892–93, p. 1089), is

violative of sections 21 and 23 of Art. I of the constitution, which forbid imprisonment for debt, or the making of laws giving any special privileges or immunities. The act is in line with our other statutes against false pretenses, frauds, cheats, acts to injure, and the like. One who violates the act, is imprisoned not for the debt he owes the proprietor, and not to make him pay it, but to punish him for a wrong he has perpetrated, which is made a crime. And, this is no more of a special privilege to the hotel-keeper, than the statute against burglary from a store or a dwelling, is to the merchant who owns the store, or to the owner of the dwelling.

*Habeas corpus* denied.