[No. 20719. Department Two. December 21, 1927.]

THE STATE OF WASHINGTON (CITY OF AUBURN), *Appellant*, v. T. G. SPILLER, *Respondent*.[1]

[1] INDICTMENT AND INFORMATION (67) — SURPLUSAGE AND UNNECESSARY MATTER. A complaint in the police court for the violation of a city ordinance may set up the requirements of the ordinance substantially in the language of the ordinance, even if it is unnecessary to plead it.

[2] SAME (73)—DUPLICITY—SERIES OF ACTS CONSTITUTING ONE OFFENSE. A complaint for the violation of a city garbage ordinance does not state two offenses in that it alleges that he failed, (1) to provide a garbage can and (2) to deposit his garbage therein, but both may be alleged and either proved.

[3] SAME (86, 87)—DEMURRER—GROUNDS OF DEMURRER—OPERATION AND EFFECT. In a prosecution for the violation of a city garbage ordinance, a demurrer to the complaint cannot raise the unconstitutionality of that part of the ordinance providing that proof of purchase of water from the city shall be *prima facie* evidence that garbage is accumulating on the premises; since the unconstitutionality thereof does not affect the balance of the act.

[4] CONSTITUTIONAL LAW (122-1)—MUNICIPAL CORPORATIONS (319)—DUE PROCESS OF LAW—CRIMINAL PROSECUTIONS—RULES OF EVIDENCE—DISPOSITION OF CITY GARBAGE. It is not a denial of due process of law for an ordinance to provide a *prima facie* presumption from the existence of certain facts as a rule of evidence, so long as there is a rational connection between the fact proved and the ultimate fact presumed; and it cannot be said that the purchase of city water for use upon a city lot has no rational connection with the fact (to be presumed therefrom) that the purchaser was accumulating garbage on such lot.

Appeal from a judgment of the superior court for King county, Frater, J., entered October 4, 1926, dismissing a prosecution for violation of a city ordinance, upon sustaining a demurrer to the complaint. Reversed.

[1]Reported in 262 Pac. 128.

*I. B. Knickerbocker* and *Knickerbocker & Hunt,* for appellant.

FULLERTON, J.—The city of Auburn, in King county, duly enacted Ordinance No. 489 relating to garbage and other waste material. Section 4, of the ordinance (as amended) reads as follows:

"Section 4. That it shall be the duty of each householder, head of a family, tenant, and proprietor or operator of a place of business within the corporate limits of the city of Auburn, being in possession of or in charge of any premises within said city upon which garbage accumulates or may accumulate, to provide and at all times maintain upon such premises, at a place where the same may be conveniently emptied by the garbage contractor, as hereinafter defined, a metallic can of not greater capacity than thirty-six (36) gallons, properly covered so as to prevent flies from entering such cans or escaping therefrom, free from leaks and in such condition that waste material will readily pour therefrom and to deposit all garbage accumulating upon such premises in such metallic can as fast as the same accumulates; that any person, firm or corporation who shall fail to comply with the provisions of this section shall be guilty of a misdemeanor; that in any prosecution for the violation of any provision of this section it shall be competent to prove that the person failing to furnish and provide or maintain such metallic can or deposit garbage therein as in this section provided is purchasing water from the city of Auburn for use upon such premises, and proof of such purchase of water shall be prima facie evidence that garbage is accumulating upon such premises." Ordinance No. 489.

The respondent, Spiller, was convicted in the police court of the city of a violation of the section of the ordinance quoted, and appealed from the judgment of conviction to the superior court of King county. In that court, he interposed a demurrer to the complaint charging the offense, which demurrer the trial court

sustained, entering a judgment dismissing the action and discharging the defendant. The city appeals.

The record does not disclose the reasons which actuated the trial court in sustaining the demurrer, nor has the respondent made an appearance in this court. We are not, therefore, advised as to the grounds upon which the demurrer was sustained, further than they may be reflected from the demurrer itself and the arguments of counsel appearing on the part of the city.

[1] The demurrer was based upon three grounds: First, that the complaint does not state facts sufficient to constitute a crime or misdemeanor; second, that it charges more than one crime; and third,

"That the ordinance . . . is unconstitutional and null and void, and especially section 4 . . . reading as follows: 'That in any prosecution for the violation of any provision of this section it shall be competent to prove that the person failing to furnish and provide or maintain such metallic can or deposit garbage therein as in this section provided is purchasing water from the city of Auburn for use upon such premises, and proof of such purchase of water shall be prima facie evidence that garbage is accumulating upon such premises.' "

We are not persuaded that either of the objections raised by the demurrer is well founded. The complaint charges that the defendant wilfully and unlawfully failed, neglected and refused to comply with the requirements of the ordinance, which requirements are set forth in the complaint substantially in the language of the ordinance. We see nothing in it which requires the holding that no offense is stated. It may be that, under the rule that a municipal court is obligated to take judicial notice of the ordinances of the municipality under which it functions, and the further rule that the appellate court is required to judicially notice the statutes or ordinances which the primary court must judicially notice, the complaint unneces-

sarily pleads the ordinance; but this does not render the complaint insufficient. It can be regarded as surplusage and ignored.

[2] The claim that more than one offense is charged is possibly founded on the fact that the complaint charges that the defendant failed to furnish and maintain the required garbage can and failed to deposit therein the garbage accumulated by him. But this is not the statement of two distinct crimes. As said in *State v. Klein,* 94 Wash. 212, 162 Pac. 52:

"In other words, the defining statute enumerates disjunctively a series of acts, either of which separately, or all together, so far as they are not in their nature inconsistent, may constitute the single offense of larceny. In such a case it is thoroughly settled that the information may charge in a single count the commission of the offense in any, or, by conjunctive allegation, in all of the enumerated and not inconsistent ways. 'And proof of it in any one of the ways will sustain the allegation.' *State v. Holedger,* 15 Wash. 443, 46 Pac. 652; *State v. Newton,* 29 Wash. 373, 70 Pac. 31; *State v. Illomaki,* 40 Wash. 629, 82 Pac. 873; *State v. Adams,* 41 Wash. 552, 83 Pac. 1108; *State v. Wappenstein,* 67 Wash. 502, 121 Pac. 989; *State v. McBride,* 72 Wash. 390, 130 Pac. 486; *State v. Pettit,* 74 Wash. 510, 133 Pac. 1014; 1 Bishop, New Criminal Procedure (2d ed.), § 436; 14 R. C. L. 40."

It may be that it follows, as a matter of course, that, if the defendant did not maintain the can, he did not deposit the garbage accumulated by him therein. But it is possible for him to do the one and not the other, and to charge both is but to state different acts which constitute a single offense. It is thus legitimate to charge both in one complaint, and a conviction may be had if either act is proven.

[3] The third objection is one that cannot be properly raised by a demurrer to the complaint. It is not to be thought that the insertion of the objectionable clause in the ordinance, renders the entire ordinance

unconstitutional. It relates only to the manner of proving the principal fact constituting the offense, and it can be invalid without invalidating the entire ordinance. The city can, under the ordinance, with this clause eliminated, prove its charge by direct evidence, and the question sought to be raised by the demurrer only becomes pertinent when the city resorts to that form of evidence to prove its charge.

[4] But, from the line of argument pursued by the city attorney, we gather that the city resorted to this clause of the ordinance on the trial in the court of original jurisdiction, and that it will be compelled to resort to it on the trial in the superior court. We shall, therefore, notice the question the demurrer suggests. In so doing, we cannot better express our own views than by quoting from the opinion of the court in *Mobile, J. & K. C. R. Co. v. Turnipseed,* 219 U. S. 35. In that instance, the legislative act provided that proof of injury inflicted by the operation of railway locomotives or cars "shall be *prima facie* evidence of the want of reasonable skill and care on the part of the servants of the company" operating the locomotives or cars, and the question before the court was the constitutionality of the enactment. The court said:

"The law of evidence is full of presumptions either of fact or law. The former are, of course, disputable, and the strength of any inference of one fact from proof of another depends upon the generality of the experience upon which it is founded. For a discussion of some common law aspects of the subject see *Cincinnati &c. Ry. v. South Fork Coal Co.,* 139 Fed. Rep. 528 *et seq.* Legislation providing that proof of one fact shall constitute *prima facie* evidence of the main fact in issue is but to enact a rule of evidence, and quite within the general power of government. Statutes, National and state, dealing with such methods of proof in both civil and criminal cases abound, and the decisions upholding them are numerous. A few of the

leading ones are *Adams v. New York,* 192 U. S. 585;
*People v. Cannon,* 139 N. Y. 32; *Horne v. Memphis &c.
Ry.,* 1 Coldwell (Tenn.), 72; *Meadowcroft v. The
People,* 163 Illinois 56; *Commonwealth v. Williams,* 6
Gray 1; *State v. Thomas,* 144 Alabama 77. . . .
That a legislative presumption of one fact from evi-
dence of another may not constitute a denial of due
process of law or a denial of the equal protection of
the law it is only essential that there shall be some ra-
tional connection between the fact proved and the ulti-
mate fact presumed, and that the inference of one fact
from proof of another shall not be so unreasonable
as to be a purely arbitrary mandate. So, also, it must
not, under guise of regulating the presentation of evi-
dence, operate to preclude the party from the right to
present his defense to the main fact thus presumed.
If a legislative provision not unreasonable in itself
prescribing a rule of evidence, in either criminal or
civil cases, does not shut out from the party affected a
reasonable opportunity to submit to the jury in his de-
fense all of the facts bearing upon the issue, there is
no ground for holding that due process of law has been
denied him.''

See, also, *Yee Hem v. United States,* 268 U. S. 178,
and our own case of *State v. Fitzpatrick,* 141 Wash.
638, 251 Pac. 875.

The remaining question is, whether there is, in the
present instance, a rational connection between the
fact proved and the ultimate fact presumed. The
law making body evidently reasoned that the purchas-
ing of water from the city, by a person in possession
or in charge of premises located therein, for use on
such premises must, of necessity, be using them in such
a manner as to accumulate garbage. While the reason-
ing may be somewhat attenuated, we cannot conclude
that it is without foundation. There are uses, of
course, to which the water could be put which would
not result in the accumulation of garbage, but such
uses are occasional rather than general. The more
common use of water by persons residing in municipal-

ities is for household purposes, and to conduct a household of necessity results in the accumulation of garbage. In this connection, it may be well, again, to call attention to the fact that the presumption to which the ordinance gives rise is not conclusive. It is a *prima facie* presumption only, and does not shut out from a party affected the right to show that the actual fact is otherwise.

That the city of Auburn has power to enact ordinances regulating the disposition of garbage accumulating within its limits, is not to be doubted. Such power is granted both by the constitution and by the statutes. The only limitation upon the power is that the regulations shall be reasonable, and we find nothing unreasonable in the regulations of the ordinance now before us.

The judgment entered by the trial court is reversed, and the cause is remanded with instructions to reinstate the case, overrule the demurrer, and proceed with the hearing in regular course.

MACKINTOSH, C. J., HOLCOMB, ASKREN, and MAIN, JJ., concur.