Ex parte Guido Carreras, Petitioner and Appellee.—Lora Shadurskaya, Intervenor and Appellant.

No. 3408. Argued April 26, 1928.—Decided April 25, 1929.

*Luis Llorens Torres* for the petitioner. *Feliú & La Costa* for the intervenor.

Mr. Justice Wolf delivered the opinion of the court.

Two complainants began a suit against Guido Carreras to recover a sum of money. During the progress of the case the complainants sought for and obtained an order of arrest against the defendant on the ground that the latter was about to leave the Island, was concealing assets elsewhere and that he lacked funds out of which to make the amount of the debt. Such an arrest is by its terms justified by section 144 *et seq.* of the Code of Civil Procedure. A petition

in habeas corpus was presented individually to the Chief Justice of this court in order to obtain the liberty of the person so arrested. Various grounds for the release were set out but{ the principal one urged was that section 144, *supra,* was in contravention of the Organic Act of Porto Rico which prohibited an. imprisonment for debt. The Chief Justice at the conclusion of a hearing before him so held. The present appeal is from that decision.

More and more we have become convinced that as long as a district court is available lawyers ought to refrain from presenting a petition of habeas corpus to the judges of this court, either individually or collectively. Not only are the judges of the district courts in a better situation to summon witnesses and hear them, but the decision finally rendered can be reviewed by a full court. It is much more advantageous to the jurisprudence of this court that we should have the cooperation of all the judges who compose it and a doubt of one of them can frequently be resolved. As the Chief Justice said in relation to another petition presented to him, "Of course there are exceptional cases and it is for some purpose that the power was given to individual judges, but we desire to attract the attention of the bar to the matter. If circumstances arise which make the immediate intervention of one of our justices necessary, resort should be had to him, but in the generality of cases the procedure should be such that all the judges of this court have an opportunity to take part in the appeal if such an appeal is necessary." *Ex parte José Alvaro Salvá,* decided March 15, 1929.

Sections 143 and 144 of the Code of Civil Procedure are as follows:

"Sec. 143. No person can be arrested in a civil action, except as prescribed in this Code.

"Sec. 144. The defendant may be arrested as hereinafter prescribed, in the following cases:

"1. In an action for the recovery of money or damages, in a cause of action arising upon a contract, express or implied, where the

defendant is about to depart from the Island of Porto Rico, with intent to defraud his creditors; or when the action is for wilful injury to person, to character, or to property, knowing the property to belong to another.

"2. In an action for money or property embezzled, or fraudulently misapplied or converted to his own use by a public officer or an officer of a corporation, or an attorney, factor, broker, agent or clerk, in the course of his employment as such, or by any other person in a fiduciary capacity.

"3. In an action to recover the possession of personal property unjustly detained, when the property, or any part theerof, has been concealed, removed or disposed of to prevent its being found or taken by the marshal.

"4. When the defendant has been guilty of a fraud in contracting the debt or incurring the obligation for which the action is brought, or in concealing or disposing of the property for the taking, detention or conversion of which the action is brought.

"5. When the defendant has removed or disposed of his property, or is about to do so, with intent to defraud his creditors, fraudulently declaring himself insolvent."

An inspection of these sections immediately reveals the fact that in each case where an arrest is authorized something other than the existence of an indebtedness has entered into the conduct of the person against whom the arrest is sought. In this case he proposed, as alleged, to leave the Island, thus putting himself, if the averments are true, in the class of absconding debtors. In the other cases some fraud or wilfulness permits the arrest. The issuance of an order of arrest never depends upon a mere indebtedness. The action of the debtor is not only a tort, but approaches, if it does not enter, the field of *mens rea*. The action is a crime or quasi-crime. The Legislature has so declared by the enactment of the statute.

The case is not new in the annals of jurisprudence. A great deal of it is reviewed in a note to *Carr* v. *State* (106 Ala. 35), 34 L.R.A. 634. In general the right to arrest depends upon the particular constitution of the state. See also 5 C. J. 438. Alabama was involved in *Carr* v. *State,*

*supra.* A prosecution arose against a banker for receiving funds while insolvent. The Supreme Court held that its constitution, differently from that of other states, did not exclude fraud, while formerly the constitution of Alabama had so provided. From the history of the constitution in that state the court held that the conviction could not stand. Alabama, it may be said, is the exception that points the rule. Likewise cases will be found where acts of indebtedness committed while insolvent, if done *bona fide,* are not punishable; in other words, while the debtor was genuinely trying to retrieve himself. In *Ex Parte King,* 102 Ala. 182, cited in a footnote in 34 L.R.A. 660, a conviction for swindling an innkeeper was upheld, the court saying that imprisonment arose not for the debt which the person owes the proprietor, or for the purpose of making him pay it, but to punish him for the wrong he had perpetrated.

While in some states there are specific constitutional provisions excepting fraud from the prohibition of arrest for debt, in others the exception arose from the history of the prohibition itself. In Connecticut, for example, the prohibition was entirely statutory, but fraud was originally excluded from the operation. Georgia, apparently, reasons as we did in saying that fraud is an exception. We followed the California statute, but we have in Porto Rico a different constitutional provision not excepting fraud, hence a case from that state could be distinguished as the appellee did before us.

The case is not new in this court. We held in *Monllor* v. *Acosta,* 27 P.R.R. 95:

"The only other point is that the arrest was imprisonment for debt and hence in violation of the Jones Act. The court below disposed of this contention by saying that it was not an arrest for debt, but only a resort to the mesne process, citing 3 Cyc. 398–99. Appellant cites us to 2 R.C.L. 482, and 34 L.R.A. 634. These citations

show that statutes of the present kind should be strictly construed, but they do not prevent the strong arm of the law from restraining absconding debtors.''

See also *People* v. *Jiménez*, 31 P.R.R. 337.

We did not, however, in *Monllor* v. *Acosta,* go very fully into the matter now raised and the Chief Justice felt free to put a fresh interpretation on the provision. While our decision might have been mistaken, we can not agree with the appellee that it was an *obiter dictum.*

With all respect to the opinion of the Chief Justice, we conclude, in virtue of the history of the provision, that cases of fraud did not fall within the prohibition of arrest for debt and that the enactment contained in the various constitutions was merely declaratory of the law. In other words, that the courts would have excepted fraud even if the constitutions did not. The provisions of section 144 of the Code of Civil Procedure are a summary, accepted almost universally, of the exceptions. This has been on our statute books since 1904, and has not been drawn in question other than by the case cited. Congress has not questioned it. We have here a complete legislative acquiescence.

One other alleged lack of jurisdiction merits some consideration. It is covered by the statement that if a non-resident or non-domiciled person contracts a debt in Porto Rico and is attempting to leave for the purpose of defrauding he falls within the provision of the statute. A question of fact might be raised in due order in the trial court.

The averment of an intent to defraud was sufficiently expressed.

The order will be reversed and the District Court of San Juan, or the marshal thereof, will be left free to take such further steps as may be necessary.

Mr. Chief Justice Del Toro took no part in the decision of this case.