NO. 3081

This opinion holds:

> That there is serious doubt as to the
> constitutionality of House Bill No. 190 of
> the Forty-sixth Legislature of Texas, com-
> monly known as the "Hot Check Law", but that
> this department should resolve that doubt
> in favor of the validity of said Act.

---

OFFICE OF THE ATTORNEY GENERAL

November 8, 1939

Honorable Earl Street
Assistant District Attorney
Dallas, Texas

Dear Sir:

Opinion No. 0-1141
Re: Constitutionality of House
Bill No. 190, Forty-sixth
Legislature.

Your request for an opinion upon the constitution-
ality of House Bill No. 190 of the Forty-sixth Legislature
of Texas, commonly known as the "Hot Check Law", has been
received by this department.

The bill is not copied herein for the reason that
you are familiar with its terms. You raise three constitu-
tional questions, to-wit:

"1. Is the Bill unconstitutional
and in violation of Section 18 of Article
I of the Texas Constitution, which provides
that no person shall ever be imprisoned for
debt?

"2. Is the Bill unconstitutional and
in violation of the due process clauses in
both the State and Federal Constitutions?

"3. Is the Bill unconstitutional and
in violation of Section 10 of Article I of
the Texas Constitution, which provides that
in all criminal prosecutions that the ac-
cused shall be confronted by the witnesses
against him?"

Your questions present serious difficulties. The
authorities seem to recognize that "the establishment of
presumptions and rules respecting the burden of proof is
clearly within the domain of the state governments". (Se-
lected Essays on Constitutional Law, Volume 2, page 1500).
And that "it is within the acknowledged power of every legis-
lature to prescribe the evidence which shall be received

and the effect of that evidence in the courts of its own government." (Fong Tue Ting vs. United States, 149 U. S. 698).

The application of these rules appears more difficult than the statement of them.

There are Texas cases which support the constitutional power of the Legislature to enact House Bill No. 190, and indicate that, possibly, the constitutional guarantees have not been infringed. See:

Patterson vs. State, 17 Tex. Cr. Rep. 102
McCoy vs. State, 294 S. W. 573
May vs. State, 15 Tex. Ct. App. 430

On the other hand there are Texas cases which seem to deny to the Legislature the constitutional power to enact legislation similar to House Bill No. 190. See:

Buckner vs. State, 72 S. W. (2d) 274
Holland vs. State, 2 S. W. (2d) 248
Torres vs. State, 18 S. W. (2d) 274

We are attaching to this opinion leading cases from other jurisdictions on this question.

Although the Attorney General is a member of the executive department of the State, the duties imposed upon him are judicial as well as executive. In considering the constitutionality of a statute, this department is performing a quasi judicial function, and should be governed by the well recognized rules established by the courts governing such construction. One of those rules is that every reasonable doubt as to the validity of the act must be resolved in favor of sustaining it. See:

Logan vs. State, 111 S. W. 1028
Marrs vs. Mumme, 25 S. W. (2d) 215

This department, when "called upon to pronounce the invalidity of an act of legislation, passed with all the forms and ceremonies requisite to give it the force of law, will approach the question with great caution, examine it in every possible aspect, and ponder upon it as long as deliberation and patient attention can throw any new light upon the subject, and never declare a statute void unless the nullity and invalidity of the act are placed, in their judgment, beyond reasonable doubt. A reasonable doubt must be resolved in favor of the legislative action, and the act be sustained." The above is particularly true when a criminal law is being considered.

We recognize the doubts above suggested, and because of these doubts we hold the Act constitutional, not only because of the well recognized rules of construction making it our duty to do so, but because this department hesitates to discourage the district and county attorneys, or other enforcement officers of the State, in the enforcement of any criminal law, if there exists any reasonable doubt as to the validity of the law. It is only when it is considered by this department that there is no reasonable doubt that it will hold a criminal law invalid.

Trusting that this satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (Signed) A. S. Rollins
A. S. Rollins
Assistant

ASR:FG

This opinion has been considered in conference, approved, and is now ordered filed.

(Signed) Gerald C. Mann
Gerald C. Mann
Attorney General of Texas

These authorities support the proposition that the prima facie presumption set out in House Bill No. 190, of the Forty-sixth Legislature, is unconstitutional. The strongest cases are underlined:

Section 10 of Article I, Texas Constitution
Section 19 of Article I, Texas Constitution
Article V, United States Constitution
56 A.L.R., pages 1141-1149
12 Tex. Jur., Section 216, pages 324-325
39 Texas Jur., Swindling and Cheating, Section 52, pages 1098, 1099
18 Tex. Jur., Best Evidence Rule - Fundamental Principle - Section 232, pages 356-366
18 Tex. Jur., Section 226, Constitutional Article I, Section 10, as excluding hearsay documents, page 358
<u>Fortune vs. State</u>, 66 S. W. (2d) 304
<u>Holland vs. State</u>, 2 S. W. (2d) 248-249
<u>Buckner vs. State</u>, 72 S. W. (2d) 274
<u>Torres vs. State</u>, 18 S. W. (2d) 274
Hanfelt vs. United States, 53 Fed. (2d) 811
Hopt vs. People of Utah, 110 U. S. 574
Chester vs. State, 5 S. W. 125, 23 Tex. App. 577
Wilburn vs. State, 77 S. W. 3 (Tex. Case)
Hayes vs. State, 164 S. W. 841, 73 Tex. Cr. Rep. 58
Boyd vs. State, 8 S. W. (2d) 110
Cline vs. State, 36 S. W. 1099, 37 S. W. 722, 36 Tex. Cr. Rep. 320, 61 Am. St. Rep. 850
May vs. State, 15 Tex. App. 430

Dissenting opinions in Bullock vs. People, 11 Pac. (2d) 441.

Casey vs. United States, 276 U. S. 416
Glover vs. State, 69 S. W. (2d) 136, 125 Tex. Cr. Rep. 605
Stevens vs. State, 80 S. W. (2d) 980, 128 Tex. Cr. Rep. 311

These authorities support the proposition that the prima facie presumption set out in House Bill No. 190, of the Forty-sixth Legislature, is constitutional. The strongest cases are underlined:

McCoy vs. State, 106 Tex. Cr. Rep. 593
        294 S. W. 573
May vs. State, 15 Tex. Ct. App. 430
Floeck vs. State, 34 Tex. Cr. Rep. 314,
        30 S. W. 794
Newton vs. State, 98 Tex. Cr. Rep. 582,
        267 S. W. 272
Sullivan vs. State, 100 Tex. Cr. Rep. 419,
        273 S. W. 566
Patterson vs. State, 17 Tex. Cr. Rep. 102
Edwards vs. State, 166 S. W. 517
Faith vs. State, 32 Tex. 373
Dumas vs. State, 14 Tex. Cr. Rep. 464, 46
        Am. Rep. 241
People vs. Bullock (Cal.) 11 Pac. (2d) 441
Commonwealth vs. Sloviski, 245 Mass.405,
        140 N. E. 465, 29 A.L.R. 281
State vs. Torello, 103 Conn. 511, 131 Atl. 429
Bracey vs. Commonwealth, 119 Va. 867, 89 S. E.
        144
Johns vs. State, 55 Md. 350
Robertson vs. People, 20 Colo. 279, 38 Pac. 326
State vs. Beach, 147 Ind. 74, 46 N. E. 145
        36 L.R.A. 179
Auburn Excise Commrs. vs. Merchant, 103 N. Y.
        143, 8 N. E. 484, 57 Am. Rep. 705
Snyder vs. Massachusetts, 291 U. S. 98, 78
        L. Ed. 674, 54 S. Ct. 330, 90 A.L.R. 575
O'Neill vs. United States (C.C.A.) 19 Fed.
        (2d) 322
Corey vs. United States, 296 U. S. 416
Heyer vs. State, 114 Neb. 783, 210 N. W. 165
Hagner vs. United States, 285 U. S. 427, 52
        S. Ct. 417, 76 L. Ed. 861
State vs. Guaraneri ( R. I.) 194 Atl. 589
State vs. Spiller, 146 Wash. 180, 262 Pac. 128
        14 Am. Jur. 890-895