[No. 36083.     Department One.     December 27, 1962.]

THE CITY OF SEATTLE, *Respondent*, v. JOHN N. LOVE, *Appellant.**

*Reported in 377 P. (2d) 255.

*Henry Opendack,* for appellant.

*A. C. Van Soelen* and *Robert B. Leslie,* for respondent.

ROSELLINI, J.—The defendant was charged in four counts with the misdemeanors of illegal sale of intoxicating liquor and aiding and abetting such illegal sale, and was found guilty on all counts.

He contends first that the court should have given detailed instructions on the presumption of innocence, burden of proof, and reasonable doubt. No instructions were requested, and the defendant's brief does not suggest to this court what language should have been used. It is well settled that, in the absence of a request to instruct, the court's failure to do so is not error. *State v. Goldstein,* 58 Wn. (2d) 155, 361 P. (2d) 639; *State v. Ross,* 85 Wash. 218, 147 Pac. 1149.[1]

It is next suggested that the court should have given an instruction defining "unlawful sale." Again, there was no request for such an instruction.

Other similar assignments of error are unsupported by legal arguments in the brief. Such assignments will not be considered by this court. *Verstraelen v. Kellog,* 60 Wn. (2d) 115, 372 P. (2d) 543; *Wickre v. Allen,* 58 Wn. (2d) 770, 364 P. (2d) 911.

The defendant assigns error to the giving of an instruction on aiding and abetting the unlawful sale of intoxicating liquor, and contends that there is no such crime. While he took exception to this instruction on the ground that it was a comment on the evidence, according to the record before us, he did not maintain that aiding and abetting was not a crime. It is the general rule that

---

[1]While trial judges are not obliged to give instructions setting forth the general law which is applicable in all criminal cases, we recommend that they do so on their own motion where such instructions are not requested.

this court will not consider an objection to an instruction that was not presented in the trial court, and the defendant has not proposed any reason why an exception to this rule should be made in this case.

It is finally urged that the trial court erred in instructing the jury as follows:

"You are instructed that if a bottle containing a liquid the color of whiskey of a known brand under its usual label, bears an unbroken government seal, it shall be taken by you to be intoxicating liquor."

In the case of *State v. Kekich*, 25 Wn. (2d) 482, 171 P. (2d) 210, it was contended that there was only one proper way to prove the contents of a bottle to be whisky, and that was to have such contents tested by a chemist at the trial in the presence of the court and jury. We held, however, that the introduction into evidence of a four-fifths quart bottle containing a liquid the color of whisky under the usual label of a well-known brand, and bearing an unbroken government seal, was sufficient to justify the jury in finding that the bottle contained whisky. We said, on this score,

" . . . The jury evidently was satisfied with the testimony of the officers on the issue, for the bottle was returned from the jury room with the government seal unbroken."

The court in this case, correctly, should have told the jury that it *might* find the exhibit to be intoxicating liquor, rather than that it should so find it. It may well have been the purpose of the court, in using the word "shall," to forestall an experiment by the jury, should it have any doubt about the contents of the bottle (an experiment which might have delayed the verdict unduly).

Be that as it may, we think the error in this case was not prejudicial. While it may not be inconceivable that a fraudulent bottle of purported whisky, bearing a government seal, could be manufactured, it is extremely unlikely that such a production would be undertaken. The evidence was sufficient to create a presumption that the bottle contained whisky, and there was no evidence which in any way tended to rebut this presumption. On the evidence as

it stood, the only reasonable determination which the jury could have made was that the corpus delicti had been proved.

The judgment is affirmed.

FINLEY, C. J., HILL, and WEAVER, JJ., concur.

---

January 24, 1963. Petition for rehearing denied.

*Reported in 377 P. (2d) 409.