[No. 37589.    Department Two.    October 21, 1965.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT HIGGINS, *Appellant.**

*Reported in 406 P.2d 784.

*Bernard L. Swerland,* for appellant.

*George A. Kain* and *Donald C. Brockett,* for respondent.

WARD, J.†—The defendant, Robert Higgins, was convicted in justice court, Spokane District, of the crime of defrauding an innkeeper. On appeal, he was again found guilty by a jury in the superior court, and now appeals to this court from the judgment and sentence imposed.

Defendant challenges the sufficiency of the evidence to support conviction. The evidence established and the defendant, by his counsel, admitted that he and his wife were guests at the Davenport Hotel in Spokane from July 21, 1962, until August 1, 1962. The proof of the remaining facts in the case came from the hotel records admitted in evidence under the provisions of the Uniform Business Records as Evidence Act, RCW 5.45.020, and from the testimony of the hotel's cashier and auditor, who had each prepared a part of such records and both of whom testified to the correctness and the manner of keeping such records. No challenge was made to the authenticity of the hotel's records nor to their admissibility under the Uniform Act.

The hotel maid makes a daily written report to the cashier showing which guests have vacated rooms assigned to her care. The cashier makes a daily entry of the guest's charges for room occupancy based upon the maid's report. When the report indicates that a guest has vacated his room, if

---

†Judge Ward is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

the guest has neither paid his account nor signed the ledger account at the place on the card providing for extension of credit under American Express or Western International Hotels credit cards, the cashier marks the card FTCO (failed to check out) and the next day delivers the guest's account to the hotel auditor for collection.

In this case, the defendant's ledger card was marked FTCO on August 1, 1962. The card also carries the notation "Bag at Porter's Desk (worthless)". The balance then owing on the defendant's hotel account was $186.26. The hotel auditor then mailed a statement of the defendant's account addressed to him at 803 Weatherby Building, Portland, Oregon, the address written by the defendant upon his registration card on July 21, 1962. This mail was returned to the Davenport Hotel, unclaimed, bearing the stamp "Unknown at this address."

The justice court complaint charging the defendant with the crime of defrauding an innkeeper was filed 9 months later. The defendant testified in justice court, but neither he nor his wife was called as a witness at the trial in superior court.

The statute under which the defendant was charged, RCW 19.48.110, contains this language:

> Any person who shall wilfully obtain food, . . . lodging or accommodation at any hotel, . . . without paying therefor, with intent to defraud the proprietor, owner, operator or keeper thereof . . . shall be guilty of a gross misdemeanor. Proof that . . . he or she absconded, or departed from, or left, the premises without paying for such . . . lodging or accommodation, . . . shall be prima facie evidence of the fraudulent intent hereinbefore mentioned.

The facts above set out, which the jury had a right to believe, together with the statutory presumption of fraudulent intent, based upon the guest's departure without payment for hotel accommodations received, were sufficient to support the jury's verdict.

██ The defendant contends that the state has failed to prove his guilt beyond a reasonable doubt. A challenge

to the sufficiency of the evidence imposes upon the trial court only the duty to determine whether the evidence is sufficient to carry the case to the jury. The challenge is met if the court finds substantial evidence to support all elements of the crime charged. *State v. Cranmer*, 30 Wn.2d 576, 192 P.2d 331 (1948). If the evidence is conflicting so that reasonable minds may draw different conclusions therefrom, the question is one for the jury's determination. *State v. Emmanuel*, 49 Wn.2d 109, 298 P.2d 510 (1956); *State v. McDaniels*, 30 Wn.2d 76, 190 P.2d 705 (1948). The jury must be instructed that in order to convict they must find from the evidence submitted the defendant's guilt beyond reasonable doubt. There inheres in the jury's verdict of guilty a finding that the jury determined the evidence sufficient when so measured. *State v. Long*, 44 Wn.2d 255, 266 P.2d 797 (1954).

The defendant attacks the constitutionality of the statutory presumption in RCW 19.48.110, which permits the jury to find intent to defraud from the guest's departure without payment for his hotel accommodations. It is defendant's contention that this statutory presumption is arbitrary and requires no rational connection between the fact proven and the fact to be presumed, in contravention of the due process clause of the United States Constitution, Fourteenth Amendment.

In *Seattle v. Ross*, 54 Wn.2d 655, 659, 344 P.2d 216 (1959), we said:

> It is well established that a legislative body may create a presumption of one fact from evidence of another having a rational connection therewith, without a denial of due process or equal protection of the law. *State v. Spiller, supra* [146 Wash. 180, 262 Pac. 128]; *State v. Fitzpatrick*, 141 Wash. 638, 251 Pac. 875; *Yee Hem v. United States*, 268 U. S. 178, 69 L. Ed. 904, 45 S. Ct. 470. But, as Mr. Justice Roberts, in *Tot v. United States*, 319 U. S. 463, 87 L. Ed. 1519, 63 S. Ct. 1241, in speaking for the court said:
>
> " . . . a statutory presumption cannot be sustained if there be no rational connection between the fact proved and the ultimate fact presumed, if the inference of the one from proof of the other is arbitrary because of lack of

connection between the two in common experience. This is not to say that a valid presumption may not be created upon a view of relation broader than that a jury might take in a specific case. But where the inference is so strained as not to have a reasonable relation to the circumstances of life as we know them, it is not competent for the legislature to create it as a rule governing the procedure of courts."

In *Barrett v. United States*, 322 F.2d 292 (5th Cir. 1963), the court held unconstitutional a presumption contained in the Internal Revenue Code relating to illegal distilling, 26 U.S.C.A. § 5601(b) (4), which provides that the presence of defendant at the site of an unregistered still "shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such presence to the satisfaction of the jury."

The Circuit Court of Appeals held this presumption, in effect, coerced the defendant into taking the witness stand in violation of his rights under the provision of the Fifth Amendment that "No person . . . shall be compelled in any criminal case to be a witness against himself." The court said: "A person accused of a crime has more than the right to present evidence in his defense. He has the constitutional right to sit on his hands."

The Circuit Court of Appeals also held that the presumption violated the due process clause of the Fourteenth Amendment because the presumption did not meet the test of "rational connection" between defendant's presence at the still and his guilt.

However, this case came before the United States Supreme Court on appeal under the title *United States v. Gainey*,[1] 380 U. S. 63, 13 L. Ed.2d 658, 85 Sup. Ct. 754 (1965). The Circuit Court of Appeals was reversed. The United States Supreme Court said, at page 66:

As the Court of Appeals correctly stated in this case, the constitutionality of the legislation depends upon the rationality of the connection "between the facts proved

[1]Barrett had died pending appeal and the court substituted in the title the name of codefendant Gainey.

and the ultimate fact presumed." *Tot v. United States,* 319 U. S. 463, 466. The process of making the determination of rationality is, by its nature, highly empirical, and in matters not within specialized judicial competence or completely commonplace, significant weight should be accorded the capacity of Congress to amass the stuff of actual experience and cull conclusions from it.[2]

No constitutional rights of the defendant were impaired when the Washington State Legislature enacted the legislative presumption set out in RCW 19.48.110, nor by the court in instructing the jury thereon. The court was justified on the basis of reason and common experience in finding a rational connection between the act of a hotel guest in departing without making payment for accommodations received and an intent to defraud. The presumption is not irrebuttable as in *Seattle v. Ross, supra,* and may be rebutted by facts and circumstance shown without requiring the defendant to become a witness in his own behalf. *United States v. Gainey, supra.*

The trial judge was careful to instruct the jury that the presumption was not conclusive. By instruction No. 11, the court instructed that the presumption ". . . is not binding on you, the jury, even though no attempt is made to rebut it, and you are to give it just such weight as to you it seems to deserve."

The defendant claims that under the jury's verdict he will be imprisoned for debt, not crime.

■ A challenge to the constitutionality of the Innkeeper's Statute under Const. art. 1 § 17, prohibiting imprisonment for debt was raised in *In re Milecke,* 52 Wash. 312, 315, 100 Pac. 743 (1909). Judge Chadwick, speaking for the court, said:

> The use of the word "debt" in the discussion of this kind of legislation has unfortunately raised an issue of

---

[2] A case following the rationale of *Barrett v. United States, supra,* decided September 25, 1964, before its reversal in *United States v. Gainey, supra,* is *State v. Edwards,* 130 N.W.2d 623 (Minn. 1964). This case at page 625 lists recent decisions both supporting the constitutionality of the statutory presumption and also those decisions rejecting the constitutionality of such presumption.

law that is unwarranted. The fault of counsel's reasoning is in assuming that, because the fraud of the appellant resulted in a debt, he can find protection under § 17, art. 1, of the constitution.

The defendant's brief cites *Chauncey v. State*, 130 Ala. 71, 73, 30 So. 403 (1900). In that case, the court quotes with approval from *Ex parte King*, 102 Ala. 182, 15 So. 524, discussing the Alabama Innkeeper's Statute, as follows:

"The act is in line with our other statutes against false pretenses, fraud, cheats, acts to injure and the like. One who violates the act, is imprisoned not for the debt he owes the proprietor, and not to make him pay it, but to punish him for a wrong he has perpetrated, which is made a crime. . . ."

The judgment is affirmed.

ROSELLINI, C. J., DONWORTH, FINLEY, and WEAVER, JJ., concur.

---

January 17, 1966. Petition for rehearing denied.

