[No. 42336.   En Banc.   October 12, 1972.]

ALICE K. MILLER, *Respondent,* v. PAUL REVERE LIFE INSURANCE COMPANY, *Appellant.*

---

*Dellwo, Rudolf & Grant* and *William J. Grant,* for respondent.

ROSELLINI, J.—In this action, the surviving spouse of an insured sought and was awarded judgment against the insurer for the full amount of the proceeds of the insurance,

which it had previously paid to the named beneficiary, the mother of the insured. The insurer has appealed.

The insured was a laborer belonging to a union which had obtained from his employers an agreement to provide life insurance for eligible employees. An eligible employee was given a card upon which to designate the beneficiary of the life insurance applicable to him, and was given a brochure explaining the insurance program. The premiums were paid by the employer, and many of them in this instance were paid before the marriage of the insured, but we assume for the purposes of this opinion that the insurance benefits were community property.

The respondent's husband had been single at the time he first became eligible for insurance benefits under the policy issued by the appellant, and he had designated his mother as beneficiary. He married the respondent about 2 years before his accidental death on August 30, 1969. Before his death, the respondent was aware of the existence of the insurance and had seen the brochure, but did not know that her husband had designated someone other than herself as beneficiary.

Upon the death of the insured, the respondent assumed that she would be paid the insurance proceeds and took no action to assert a claim until more than a month later, when she went to the union hall and inquired about the insurance proceeds. She was advised that the money had been paid by the appellant to the insured's mother.

She contacted an attorney shortly thereafter, and the attorney made demand upon the appellant for payment of the proceeds of the policy, claiming that the respondent was entitled thereto under the community property law of this state. The appellant refused to honor this demand, and this lawsuit followed.

It is the position of the appellant that, when it paid the beneficiary designated by the insured without notice of an adverse claim to the proceeds, it performed its duty under the contract of insurance and under the laws of this state and that it had no duty to a third party whose claim was

not asserted until after payment of the proceeds had been made.

The appellant's position is correct.

■ It is the general rule that when the insurer makes payment of the proceeds of insurance to the person who by the policy is the proper recipient, such payment is a discharge of the liability of the insurer. 5 *Couch on Insurance* § 27.177 (2d ed. 1960).

The statutes of this state are in harmony with this general principle. RCW 48.18.370 provides:

> Whenever the proceeds of, or payments under a life or disability insurance policy, heretofore or hereafter issued, become payable and the insurer makes payment thereof in accordance with the terms of the policy, or in accordance with any written assignment thereof pursuant to RCW 48.18.360, the person then designated in the policy or by such assignment as being entitled thereto, shall be entitled to receive such proceeds or payments and to give full acquittance therefor, and such payment shall fully discharge the insurer from all claims under the policy unless, before payment is made, the insurer has received at its home office, written notice by or on behalf of some other person that such other person claims to be entitled to such payment or some interest in the policy.

This statute was called to the attention of the trial court, but that court was of the opinion that the appellant had a duty to investigate and determine whether the spouse of the deceased claimed an interest in the proceeds, since it had notice of the fact that he was married, that fact and the address of his spouse appearing on the death certificate, a copy of which was furnished the appellant.

We find in law no basis for the imposition of such a duty. The statute provides that the insurer may pay the named beneficiary unless it has notice of an adverse *claim*. Notice of the existence of a possible claimant is not notice of the existence of a claim. The appellant was entitled to rely upon the plain language of RCW 48.18.370, and also upon

RCW 48.18.440, which deals with the rights of a spouse in insurance policies and provides, *inter alia*:

(2) In any life insurance policy heretofore or hereafter issued upon the life of a spouse the designation heretofore or hereafter made by such spouse of a beneficiary in accordance with the terms of the policy, shall create a presumption that such beneficiary was so designated with the consent of the other spouse, but only as to any beneficiary who is the child, parent, brother, or sister of either of the spouses.

We recognized in *National Bank of Commerce v. Lutheran Bhd.*, 40 Wn.2d 790, 246 P.2d 843 (1952), that this provision was probably enacted for the benefit of insurers. The manifest legislative purpose in adopting this and RCW 48.18.370 was to facilitate the prompt payment of the proceeds of insurance policies to the named beneficiaries.

The validity of RCW 48.18.440 has not been assailed in this action. The trial court did indicate that, in its opinion, to give effect to the section would deprive the respondent of her property without due process of law. The respondent, while appearing to rely upon the trial court's rationale to support the judgment, cites no authorities to sustain it.

The opinion of the trial court and the respondent's brief suggest a theory that these statutes were enacted inadvertently and were not meant to be given effect in the courts.

It is well settled that the legislature may validly provide that proof of one fact shall constitute prima facie evidence of another. Quoting from *Mobile, J. & K.C.R.R. v. Turnipseed*, 219 U.S. 35, 55 L. Ed. 78, 31 S. Ct. 136 (1910), this court in *State v. Spiller*, 146 Wash. 180, 185, 262 P. 128 (1927), said:

". . . That a legislative presumption of one fact from evidence of another may not constitute a denial of due process of law or a denial of the equal protection of the law it is only essential that there shall be some rational connection between the fact proved and the ultimate fact presumed, and that the inference of one fact

from proof of another shall not be so unreasonable as to be a purely arbitrary mandate. So, also, it must not, under guise of regulating the presentation of evidence, operate to preclude the party from the right to present his defense to the main fact thus presumed. . . ."

Again quoting from a decision of the United States Supreme Court (*United States v. Gainey,* 380 U.S. 63, 13 L. Ed. 2d 658, 85 S. Ct. 754 (1965)), we noted in *State v. Higgins,* 67 Wn.2d 147, 406 P.2d 784 (1965), that the question whether there is a rational connection between the fact proved and the fact presumed is an empirical one, and that in matters not within specialized judicial competence or completely commonplace, significant weight should be accorded the capacity of the legislative body to " 'amass the stuff of actual experience and cull conclusions from it.' " 67 Wn.2d at 152.

■ It is not suggested that there is no rational basis for an assumption that, where a married person has designated a close relative other than his or her spouse as beneficiary of a life insurance policy, he has done it with the consent of the other spouse. The relationship between husband and wife is assumed to be one of trust and confidence and affection, and since the institution of marriage has been embraced by the majority of the population for so many hundreds of years, the legislature was certainly entitled to find that ordinarily these factors are present in that relationship. We also can observe the fact that there are other family relationships which are of concern to married people as well as to single people, and not infrequently married persons will agree to make some insurance proceeds payable to an elderly, disabled, incompetent, dependent, or indigent family member, or to one who simply is the recipient of their affection.

The legislature could consider the dilemma which would confront an insurer if it could not rely upon its right to perform its contract according to its terms and pay the named beneficiary, but would have to investigate to determine the marital status of its policyholder at all times

during the life of the policy and ascertain whether any spouse claimed an interest in the proceeds, in order to avoid the risk of being required to pay twice the amount of the proceeds. This would almost inevitably lead to delay in payment of insurance proceeds, and a reading of the insurance code as a whole reveals a legislative intent that such contracts be performed promptly and in accord with their valid terms.

We think the legislature reasonably could conclude that, while there was a possibility of hardship to some surviving spouses, the probability that many spouses would be ignorant of the terms of insurance policies held by the community was not great enough to outweigh the benefits to beneficiaries generally if prompt payment of insurance proceeds was encouraged.

■ The legislature is presumed to have in mind decisions of this court. *Occidental Life Ins. Co. v. Powers,* 192 Wash. 475, 74 P.2d 27 (1937), was decided 10 years before the insurance code was adopted. In that case a claim had been made to the company by the widow of an insured who had named his mother as beneficiary, and the company had paid the proceeds into court in an interpleader action. We held that the widow was entitled to the proceeds, since the beneficiary had been changed without her consent. *King v. Prudential Ins. Co. of America,* 13 Wn.2d 414, 125 P.2d 282 (1942), was an action to cancel and set aside a change of beneficiary, brought before the death of the insured by his wife and decided in her favor. *Small v. Bartyzel,* 27 Wn.2d 176, 177 P.2d 391 (1947), was an action in probate brought by a widow and naming a daughter of her husband as defendant, in which she successfully sought to have the proceeds of an insurance policy on the life of her husband awarded to her. And *In re Estate of Towey,* 22 Wn.2d 212, 155 P.2d 273 (1945), also was an action in probate in which the court held that the husband may not change the beneficiary of an insurance policy without the consent of the wife.

Thus the legislature was aware of this court's holdings

regarding the status of insurance policies purchased with community funds and was aware that remedies were available to spouses who took timely action to protect their rights. In each of those cases, the surviving spouse asserted her claim before the proceeds had been paid to the named beneficiary.

Since the cases showed that there were legal remedies available where a spouse's consent to the naming of a beneficiary was not given, the legislature reasonably could conclude that no great harm could result from a law which created a presumption of consent and thus encouraged the insurer to pay the proceeds of insurance policies promptly where it had no notice of conflicting claims. It was evidently the legislative intent that a spouse who does not act promptly to assert his or her claim should be left to the remedies available against the party who received the payment.

There being an apparent reason, based upon a legitimate consideration, for the enactment of these sections, we are of the opinion that they were not inadvertently placed in the statute but were intended to be given full force and effect.

The respondent urges, however, that the presumption created in RCW 48.18.440 cannot apply in this case because the insured was not married when the beneficiary was named. The theory advanced is that the respondent could not have consented to the naming of the beneficiary, since she was not the spouse of the insured at the time he made the designation. As the respondent reads the provision, it applies only to a policy issued to a spouse after he has married, or to one upon which the beneficiary has been changed after his marriage.

We think this is too narrow a construction of the legislative intent, if we bear in mind the evident purpose to facilitate the payment of insurance proceeds to the named beneficiary.

We are told of no logical reason why the legislature should have intended the presumption to apply only where the insured was married at the time of the naming of the

beneficiary. The relationship of trust and confidence which is presumed to exist between spouses should result in their mutual disclosure inter se of all matters pertaining to community property, and there is no less reason to suppose that a spouse will be told of the provisions of an insurance policy issued prior to marriage, than that subsequent insurance contracts will be discussed. It is one of the obvious purposes of this provision, in harmony with the provisions of RCW 48.18.370, to relieve the insurer of any obligation to inquire into the attitude of a spouse who has not given notice that he or she claims a right to the proceeds, and that purpose is defeated if the provision in question is given the limited import suggested by the respondent. The legislature used the words ". . . any life insurance policy heretofore or hereafter issued upon the life of a spouse." RCW 48.18.440(2). As we read that phrase, it means any policy issued upon the life of a person who is or has been a spouse at some time during the existence of the contract, whether he was married or not at the time it was issued.

■ A statute is to be construed with reference to its manifest object, and if the language is susceptible of two constructions, one which will carry out and the other defeat that object, it should receive the former construction. *Wilson v. Lund*, 74 Wn.2d 945, 447 P.2d 718 (1968); 2 J. Sutherland, *Statutory Construction* § 4704 (3d ed. 1943).

Applying that principle to the case at hand, we must hold that RCW 48.18.440 creates a presumption of consent by the spouse to the naming of beneficiaries who are members of the classes designated in RCW 48.18.440, or to the failure to change such designation of beneficiaries after marriage.

This construction is necessary not only to carry out the manifest legislative intent but also to harmonize the section with RCW 48.18.370, which relieves the insurer of further liability if it pays the named beneficiary without prior written notice that some other person claims a right to the proceeds.

Here the evidence showed that the respondent knew that

her husband was covered by insurance paid for by his employer. He had in his possession no policy of insurance, as would ordinarily be the case where the insured pays the premiums. Where there is such a policy, the surviving spouse should learn of the designated beneficiary before the proceeds are paid, unless possession of the policy has been given to the beneficiary or some third person. While the respondent did not have this means of ascertaining the designated beneficiary, she could have acquired this information at any time by asking her husband or by inquiring at his place of employment or at his union. However, she chose to rest upon her assumptions until more than a month after her husband's death.

The respondent learned that the proceeds had been paid to the insured's mother shortly after she received them. She avers that the beneficiary has now spent all of the proceeds and could not respond to a judgment and gives this as her reason for pursuing the insurer rather than the beneficiary. However, she does not claim that this money had been spent when she learned of the payment. Had she taken prompt action at that time, she could probably have restrained the disbursement of these funds. RCW 7.40.020 affords a remedy in such circumstances. *See* Civil Rule for Superior Court 65, RCW vol. 0.

While this court has held on a number of occasions that a spouse has a community property interest in insurance upon the life of the other member of the community, and that an insured may not designate or change a beneficiary without the consent of his spouse if the policy is purchased with community funds, the actions in which these matters have been decided have been brought against the beneficiary who has received payment or have been interpleader actions resulting from assertion of conflicting claims before payment of the proceeds. In none of them have we held that an insurer who pays the named beneficiary without notice that the spouse of the insured claims a right to the proceeds, is liable to the spouse for the amount so paid.

We hold that the appellant, having performed its contract according to its terms and in accord with the provisions of RCW 48.18.370 and 48.18.440, was exonerated from further liability thereon and that the respondent, having failed to give timely notice of her claim to the appellant, must be relegated to her remedy against the named beneficiary who received the proceeds.

The judgment is reversed and the action dismissed.

HAMILTON, C.J., FINLEY, HUNTER, HALE, NEILL, STAFFORD, WRIGHT, and UTTER, JJ., concur.