[No. 1446-2.    Division Two.    May 7, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. BETTY JOYCE McHENRY, *Appellant*.

*Michael D. Smith*, for appellant.

*Donald F. Herron, Prosecuting Attorney*, and *Joseph D. Mladinov, Special Counsel*, for respondent.

PEARSON, J.—Defendant Betty McHenry appeals her jury conviction of the crime of unlawful possession of a controlled substance. Defendant challenges the failure of the trial court (1) to instruct on the presumption of innocence; (2) to instruct directly on the necessity for proof of each element of the crime beyond a reasonable doubt; and (3) to define the term "unlawful" in the crime charged. After thorough consideration of these omissions, we are compelled to reverse.

Defendant presented no testimony at trial to dispute the facts adduced by the state's witnesses. It is uncontroverted that officers of the Tacoma Police Department conducted a lawful search of a Tacoma residence pursuant to a warrant. Defendant and several others were found in the house. A codefendant, one James Thompson, was handcuffed after attempting to draw a pistol on one of the officers. Betty McHenry then pushed her way to his side, took a white slip of paper from his hands, and attempted to swallow it. The paper was retrieved from her mouth and was found to contain heroin.

Unfortunately, the instructions given the jury contained no instruction as to the presumption of innocence to be accorded the defendant, and only a passing reference to the requirement that guilt must be proven beyond a reasonable doubt.[1] No exception was taken by trial counsel (not de-

---

[1] The only reference to the standard of proof required was in instruction No. 11, as follows:

"When you go into your jury room to deliberate upon your verdict, while you may discuss the case together and reason with one another, before you make up your verdict, each of you must make up your own mind without reference to the other jurors whether or not the defendant is guilty. The defendant is entitled to an unbiased opinion of each and every juror, and if any juror is not convinced of the defendant's guilt as charged, *beyond a reasonable doubt*, he should not surrender his opinion thereon for the purpose merely of having an agreed verdict.

"In short, when men and women are jurors they sit as individuals so far as their individual verdict is concerned; and each juror should be

fendant's attorney on appeal) to the total omission of the one instruction, nor to the failure to isolate and clearly state the other.

The general rule is that allegations of error not argued to the trial court and which are presented on appeal for the first time will not be considered by this court. *State v. Harris*, 62 Wn.2d 858, 385 P.2d 18 (1963); *State v. Lyskoski*, 47 Wn.2d 102, 287 P.2d 114 (1955). However, it is now equally well settled that an appellate court will consider an error raised for the first time when "an instruction invades a constitutional right of the accused (such as the right to a jury trial), . . ." (Footnote omitted.) *State v. Peterson*, 73 Wn.2d 303, 306, 438 P.2d 183 (1968); *accord, State v. McDonald*, 74 Wn.2d 474, 445 P.2d 345 (1968). Put another way, we will consider an error raised for the first time on appeal when necessary to avoid "obvious and manifest injustice." *State v. Louie*, 68 Wn.2d 304, 312, 413 P.2d 7 (1966), *cert. denied*, 386 U.S. 1042, 18 L. Ed. 2d 610, 87 S. Ct. 1501 (1967).

Despite the strong evidence of guilt in this case, we agree with defendant that her fundamental constitutional right of trial by jury was invaded by the omission of certain instructions, and we proceed to evaluate her contention that a reversal is mandated. In so doing, we must bring to bear the test as to whether the mind of the average juror would have found the prosecutor's case significantly less persuasive had the proper instructions been given. *Schneble v. Florida*, 405 U.S. 427, 31 L. Ed. 2d 340, 92 S. Ct. 1056

governed by his own conscience and not by the minds and conscience of his or her fellow jurors.

"This instruction does not mean that the jury shall not discuss the evidence with each other before arriving at their conclusions thereon. It means that a juror should not consent to a verdict which he thinks contrary to the evidence out of mere deference to his fellow jurors. A juror, however, has the right to consider whether a doubt in his mind is a reasonable one which makes no impression on the minds of others, equally honest and equally intelligent with himself, who have heard the testimony out of which the doubt arises, and he may properly. change his views because of his consideration." (Italics ours.)

(1972); *State v. Odom,* 83 Wn.2d 541, 520 P.2d 152 (1974). If we are unable to say whether the omission of the instruction presumptively affected the final result, the error cannot be deemed harmless. *State v. Martin,* 73 Wn.2d 616, 440 P.2d 429 (1968).

██ The State argues that the omission of an instruction on proof beyond a reasonable doubt, except in passing in No. 11, amounts to nondirection rather than misdirection and is harmless error. It is true that some support for this proposition may be found in several Washington cases, including *Seattle v. Love,* 61 Wn.2d 113, 377 P.2d 255 (1962); *State v. Goldstein,* 58 Wn.2d 155, 361 P.2d 639 (1961); and *State v. Ross,* 85 Wash. 218, 147 P. 1149 (1915). However, it is also true that nondirection is reversible error if a constitutional right is involved. *State v. Frazier,* 81 Wn.2d 628, 503 P.2d 1073 (1972); *State v. Floyd,* 11 Wn. App. 1, 521 P.2d 1187 (1974).

██ It is axiomatic in a criminal case that a plea of not guilty puts all elements of the crime in issue and the State must prove each of them beyond a reasonable doubt. RCW 10.58.020;[2] *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970); *State v. Odom, supra; State v. Adams,* 76 Wn.2d 650, 458 P.2d 558 (1969), *rev'd on other grounds,* 403 U.S. 947, 29 L. Ed. 2d 855, 91 S. Ct. 2273 (1971). The jury must be instructed on all elements of the crime. *State v. Carter,* 4 Wn. App. 103, 480 P.2d 794 (1971).

██ It has long been the law that the accused is always entitled to an instruction that he is presumed innocent until his guilt is proven beyond a reasonable doubt. *State v. Gruber,* 150 Wash. 66, 272 P. 89 (1928); *State v. Tyree,* 143 Wash. 313, 255 P. 382 (1927). More recent decisions have reiterated this fundamental right in explicit terms. *State v.*

---

[2]RCW 10.58.020 provides:

"Every person charged with the commission of a crime shall be presumed innocent until the contrary is proved by competent evidence beyond a reasonable doubt; and when an offense has been proved against him, and there exists a reasonable doubt as to which of two or more degrees he is guilty, he shall be convicted only of the lowest."

*Higgins,* 67 Wn.2d 147, 406 P.2d 784 (1965), *cert. denied,* 385 U.S. 827, 17 L. Ed. 2d 63, 87 S. Ct. 60 (1966); *State v. Swartos,* 65 Wn.2d 335, 396 P.2d 971 (1964).

We cannot find harmless error in the failure of the court to give an instruction to the effect that each element of the crime was to be proven by the state beyond a reasonable doubt in order for the jury to arrive at a verdict of guilty. The omission to instruct as to the burden of proof, although inadvertent, deprived the jury of guidance on the critical issue of the laboring oar given the state in proving a criminal case. Without such an instruction, the jurors—as a group and individually—were obliged to speculate on the standard of proof to be applied. *See State v. Carter, supra.* Instruction No. 11 did not cure this defect with its passing reference to the standard.

■ Similarly, we find fatal the omission of any instruction on the presumption of innocence. There is no more fundamental ingredient to a fair trial than the initial presumption of innocence. *Coffin v. United States,* 156 U.S. 432, 39 L. Ed. 481, 15 S. Ct. 394 (1895). This elementary right of the accused has been repeatedly stated by both the legislature and the judiciary, *e.g.,* RCW 10.58.020; *State v. Odom, supra; State v. Tyree, supra.* The presumption is not impermissibly eroded by the language of RCW 69.50.506, which places the burden of proving a legal possession of a controlled substance on the defendant, once possession has been proven beyond a reasonable doubt. *See State v. Morris,* 70 Wn.2d 27, 422 P.2d 27 (1966).

■ The record leaves us no doubt that defendant did what the State has accused her of doing in violation of the Uniform Controlled Substances Act, RCW 69.50. We decline to find harmless error in this case, however, because where instructions have been omitted on such fundamental ingredients to a fair trial as the burden of proof beyond a reasonable doubt and the presumption of innocence, we will not say that the average juror would not have found the case significantly less persuasive had proper instructions

been given. It would be possible for us to conclude that the case against Betty McHenry is so unequivocal that a reversal will merely delay the inevitability of an errorless conviction. However, we believe that it would be a greater miscarriage of justice for us to fail to require jury instructions necessary to minimum standards of due process in *all* criminal trials. The constitutional right to a fair trial means no less.

Accordingly, we adopt the language of the Supreme Court of this state in holding that it is "reversible error" for the trial court to fail to "instruct upon the presumption of innocence or [to fail] to instruct that the state must prove every material fact beyond a reasonable doubt . . ." *State v. Swartos, supra* at 339.

Our consideration of the absence of an instruction defining "unlawful" is not necessary to a decision of this case, and we do not decide the issue.

The judgment is reversed and the case remanded for a new trial.

PETRIE, A.C.J., and RUMMEL, J. Pro Tem., concur.

Petition for rehearing denied July 2, 1975.

Review granted by Supreme Court November 5, 1975.