[No. 41179-9-I. Division One. January 19, 1999.]
THE STATE OF WASHINGTON, *Respondent*, v. ANTHONY ALLEN WOMBLE, *Appellant.*

*Eric Broman* of *Nielsen, Broman & Associates, P.L.L.C.,* for appellant.

*James H. Krider, Prosecuting Attorney,* and *Seth Aaron Fine* and *Constance M. Crawley, Deputies,* for respondent.

Cox, J. — Anthony Womble appeals his conviction for taking a motor vehicle without permission. Because the evidence was sufficient to support the conviction and the trial court did not otherwise err, we affirm.

In the early hours of a morning in June 1997, Lorae Wilson was awakened by the sound of her car's engine revving outside her house. She had parked the car in the driveway, close to the house. Apparently, she had left the keys in the ignition. Looking outside, Wilson saw that the car had been moved and was high-centered on one of her children's toys. She ran outside and shouted at the people in the car. Codi Miller got out of the driver's seat and "skipp[ed]" down the driveway, away from Wilson. Womble emerged from the passenger seat, looked at Wilson, and quickly followed Miller.

Sheriff's Deputy Schwartz responded to the scene. He estimated that the car had been moved 30-40 feet from where Wilson said she had parked it. Later, on his way back to the station, he saw Miller and Womble hitchhiking along the road. Because they matched the description given by Wilson, he stopped to question them.

Womble and Miller claimed that they were walking home from "Justin's" house. They said that they did not know "Justin's" last name and were vague about where he lived. While checking Miller for weapons, Deputy Schwartz found a key ring in her coat pocket. When Wilson was brought to the scene, she positively identified the ring as hers. She also identified Miller and Womble as the people who got out of her car after it got stuck in her driveway. The deputy arrested Miller and Womble for attempted auto theft.

The State charged Womble with taking a motor vehicle

without permission.[1] The jury found Womble guilty as charged.

Womble appeals.

## SUFFICIENCY OF THE EVIDENCE

Womble claims that the evidence was insufficient to support his conviction. Because this claim hinges on an incorrect construction of the statute under which he was charged, we reject it.

■ Evidence is sufficient to support a conviction if, when viewed in the light most favorable to the prosecution, any rational jury could find the essential elements of the crime beyond a reasonable doubt.[2] A claim of insufficiency admits the truth of the State's evidence and all inferences that can reasonably be drawn from that evidence.[3]

■ First, Womble claims that the State failed to prove that the car was taken or driven away, as required by RCW 9A.56.070(1). That statute states:

> Every person who shall without the permission of the owner or person entitled to the possession thereof intentionally *take or drive away* any automobile or motor vehicle [that is] the property of another, shall be deemed guilty of a felony, and every person voluntarily riding in or upon said automobile or motor vehicle with knowledge of the fact that the same was unlawfully taken shall be equally guilty with the person taking or driving said automobile or motor vehicle and shall be deemed guilty of taking a motor vehicle without permission.

This argument focuses on the meaning of the word "away" in the statute's phrase "take or drive away." Womble contends that "away" connotes some distance greater than the distance the car was driven here. In his brief, he argues that the minimum required distance would have been met

---

[1] RCW 9A.56.070(1).

[2] *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

[3] *Salinas*, 119 Wn.2d at 201.

here if the car had been driven beyond Wilson's 100-foot-long driveway. At oral argument, he advanced the new argument that the minimum required distance would have been beyond the curtilage of Wilson's house.

Womble's semantic argument is untenable. The word "away" modifies the verb "drive" here. According to the AMERICAN HERITAGE DICTIONARY, "away," as an adverb, means "1. From a particular thing or place: *ran away from the lion; sent the children away to boarding school.*"[4] There is no minimum distance requirement.[5] Moreover, in interpreting statutes, we seek to give effect to the Legislature's intent and purpose.[6] Here, the clear legislative intent is to make unlawful the unauthorized taking or driving away of another person's vehicle. That intent is not served by concluding that liability may attach only if the vehicle is taken or driven a minimum distance.

Wilson testified that the car was moved between 5 and 20 feet from where she parked it. Deputy Schwartz testified that the car was moved 30-40 feet, and Womble testified that Miller drove the car approximately 20-40 feet. Thus, the range of the evidence presented established that the car was driven somewhere between 5 and 40 feet from where it was parked. This evidence was sufficient to establish that the vehicle was driven "away" as required by the statute.

 Womble also urges us to apply the rule of lenity here, by construing the term "away" in the fashion that he

---

[4]AMERICAN HERITAGE DICTIONARY 129 (3d ed. 1992).

[5]Womble contends that the definition of "away" in WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY compels a different result. But his argument is based on that dictionary's definition of "away" as an adjective, not an adverb. The word is used as an adverb in the statute. WEBSTER'S definition of away as an adverb does not differ materially from the AMERICAN HERITAGE definition on which we rely. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 152 (1971).

[6]*State v. Hennings*, 129 Wn.2d 512, 522, 919 P.2d 580 (1996) (primary duty in interpreting a statute is to ascertain and give effect to the intent and purpose of the Legislature).

proposes. Because we conclude that the statute is not ambiguous, we decline to apply the rule of lenity.[7]

■ Although neither party made the argument, we note that because Womble was the rider, not the driver, the State had to prove only that he voluntarily rode in the vehicle with knowledge that it was "unlawfully taken."[8] Womble does not contend, nor could he, that the vehicle was not "unlawfully taken." This alternative basis supports the sufficiency of the evidence in this case.

Second, Womble claims that the evidence was insufficient to establish that he rode in the vehicle knowing that it had been taken without the owner's permission. We disagree.

■ ■ A person knows of a fact by being aware of it or having information that would lead a reasonable person to conclude that the fact exists.[9] Although knowledge may not be presumed because a reasonable person would have knowledge under similar circumstances, it may be inferred.[10] Once it is established that a person rode in a vehicle that was taken without the owner's permission, "slight corroborative evidence" is all that is necessary to establish guilty knowledge.[11] Absence of a plausible explanation is a corroborating circumstance.[12] Flight is also a corroborative factor.[13]

Womble testified to his version of events at trial. He claimed that he had been at a party at "Justin's" house,

---

[7]See In re Personal Restraint of Sietz, 124 Wn.2d 645, 652, 880 P.2d 34 (1994) (rule of lenity applies only where statute is ambiguous, and not clarified by legislative history); see also Moskal v. United States, 498 U.S. 103, 107-08, 111 S. Ct. 461, 465, 112 L. Ed. 2d 449 (1990).

[8]RCW 9A.56.070(1) states, in relevant part: "[E]very person voluntarily riding in or upon said automobile or motor vehicle with knowledge of the fact that the same was unlawfully *taken* [shall be guilty of the crime]." (Emphasis added.)

[9]RCW 9A.08.010(1)(b).

[10]State v. Shipp, 93 Wn.2d 510, 516, 610 P.2d 1322 (1980).

[11]State v. Couet, 71 Wn.2d 773, 776, 430 P.2d 974 (1967).

[12]State v. Ford, 33 Wn. App. 788, 790, 658 P.2d 36 (1983).

[13]State v. Medley, 11 Wn. App. 491, 495, 524 P.2d 466, review denied, 84 Wn.2d 1006 (1974).

but was vague about where Justin lived. He testified that he did not think it strange that Miller had parked "her" car a half mile from where Justin lived. He also testified that Miller told him that the car was not hers only after it got stuck on the toy in the driveway and Wilson came running out of the house to confront them.

██ ██ The jury had the opportunity to assess Womble's credibility and the plausibility of his rendition of events. We will not disturb credibility determinations, nor will we reweigh the evidence.[14] Based on all of the surrounding circumstances, the jury could have found beyond a reasonable doubt that Womble's version of events was implausible. We will not disturb the jury's determination that Womble knew that he was riding in the car without the owner's permission.[15]

This case is distinguishable from *State v. L.A.*,[16] where we concluded that the evidence was insufficient to establish knowledge. There, the evidence established only that the defendant was 14 years old, that she was driving a car that had been taken without the owner's permission, and that the car had a broken rear window. We concluded that, "[i]n the absence of corroborative evidence such as a damaged ignition, an improbable explanation or fleeing when stopped," the evidence was insufficient to establish knowledge.[17] Here, Womble both offered an arguably implausible explanation and fled when confronted by Wilson. There was sufficient evidence to support the conviction.

We affirm the judgment and sentence.

---

[14]*Stiley v. Block*, 130 Wn.2d 486, 502, 925 P.2d 194 (1996).

[15]*Cf. Couet*, 71 Wn.2d at 776 (evidence sufficient where defendant offered unsubstantiated and improbable story that co-worker, identified only as "Bill," loaned him the car while "Bill" was on vacation).

[16]82 Wn. App. 275, 918 P.2d 173 (1996).

[17]*L.A.*, 82 Wn. App. at 276.

The remainder of this opinion has no precedential value and will not be published.[18]

KENNEDY, C.J., and GROSSE, J., concur.

Review denied at 138 Wn.2d 1009 (1999).