IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 32435-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RAYMOND EDWARD CHANEY, III, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, A.C.J.— Raymond E. Chaney, III appeals his possession of a stolen vehicle conviction. He incorrectly contends sufficient evidence does not exist showing he knew the vehicle was stolen. We affirm.

## FACTS

Mr. Chaney arrived at his cousin's automotive shop on the morning of November 23, 2013 with an older Chevrolet Suburban, claiming it had broken down after he bought it for $500. The vehicle had expensive rims and a stereo. Mr. Chaney claimed as part of the purchase agreement, he had to return the rims and stereo to the owner/seller of the vehicle and asked his cousin to help remove them. He then inconsistently told another person at the shop he had bought the vehicle for $500 at an auction. The vehicle's plates were missing. Suspicious, Mr. Chaney's cousin called the police. The

police learned Ervin Schadler was the owner and had reported the vehicle stolen between 1:00 and 2:00 a.m. the same morning.

The State partly charged Mr. Chaney with possessing a stolen motor vehicle. Mr. Schadler testified he did not sell the car to Mr. Chaney and did not give him permission for him to drive it. A jury found Mr. Chaney guilty. He appealed.

## ANALYSIS

The issue is whether sufficient evidence supports Mr. Chaney's possession of a stolen motor vehicle conviction. He contends the State failed to prove he had knowledge the vehicle was stolen.

In determining the sufficiency of the evidence, our standard of review is "whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the charged crime beyond a reasonable doubt." *State v. Rempel*, 114 Wn.2d 77, 82, 785 P.2d 1134 (1990). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Circumstantial evidence is considered to be as reliable as direct evidence. *State v. Myers*, 133 Wn.2d 26, 38, 941 P.2d 1102 (1997).

RCW 9A.56.068 provides: "(1) A person is guilty of possession of a stolen vehicle if he or she possess[es] a stolen motor vehicle." To prove that a defendant "possessed" stolen property, the State must prove that the defendant possessed property with knowledge that it was stolen. RCW 9A.56.140; *State v. Plank*, 46 Wn. App. 728, 731,

2

731 P.2d 1170 (1987). Mere possession of recently stolen property is insufficient to establish that the possessor knew the property was stolen. *State v. Couet*, 71 Wn.2d 773, 775, 430 P.2d 974 (1967). But possession of recently stolen property, coupled with any other circumstantial evidence tending to show guilt sufficiently proves knowledge. *Couet*, 71 Wn.2d at 775-76. The fact finder may reasonably infer knowledge if "a reasonable person would have knowledge under similar circumstances." *State v. Womble*, 93 Wn. App. 599, 604, 969 P.2d 1097 (1999).

Mr. Chaney was in possession of the stolen vehicle. He took it to his cousin's automotive shop, claiming he bought it but needed the tires and stereo removed to return to the seller. Later, Mr. Chaney told another person the vehicle was purchased from an auction. But a very few hours passed between when the vehicle was reported stolen and when Mr. Chaney possessed it. Lastly, Mr. Schadler testified he did not give Mr. Chaney permission to drive his vehicle.

Viewing this evidence in a light most favorable to the State and being aware that circumstantial evidence is considered as reliable as direct evidence, a reasonable person could infer the vehicle was stolen based on Mr. Chaney's inconsistent statements, the timeline of events, and Mr. Schadler's testimony denying permission for Mr. Chaney to drive the vehicle. Thus, the State sufficiently proved Mr. Chaney had knowledge the vehicle in his possession on November 23 was stolen, making that evidence sufficient to support Mr. Chaney's conviction for possessing a stolen motor vehicle.

3

No. 32435-4-III
*State v. Chaney*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, A.C.J.

WE CONCUR:

Korsmo, J.

Fearing, J.

4