# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47401-8-II |
| Respondent, | |
| v. | |
| CHRISTOPHER JOHN REINHOLD, | UNPUBLISHED OPINION |
| Appellant. | |

Lee, J. — Christopher Reinhold appeals his convictions for first degree unlawful possession of a firearm and first degree unlawful possession of a stolen vehicle, with both crimes aggravated by the circumstance that he was under community custody at the time he committed the crimes. Reinhold argues that (1) there was insufficient evidence to prove that he knowingly possessed the stolen vehicle, and (2) the charging information was constitutionally deficient. Reinhold also argues in a statement of additional grounds for review (SAG) that (3) the State failed to establish the true owner of the vehicle, (4) his trial counsel provided ineffective assistance, and (5) the trial court erred by denying his request for a continuance. We affirm.

## FACTS

On March 14, 2014, Officer Randall Fleming conducted a routine patrol of the Rodeway Inn parking lot and discovered a car that was reported stolen. As Officer Fleming approached the car, Reinhold was entering the driver's side.

Officer Fleming informed Reinhold that the car was reported stolen and began to question him. Reinhold seemed surprised by this information. Reinhold said that he bought the car from a

person named Ashley three days earlier, but he was unable to provide Ashley's contact information, a bill of sale, title, vehicle registration, or any other information about Ashley or the transaction. Reinhold also said that a person named Jennifer may have reported the car as stolen to get him in trouble, but he was unable to provide Jennifer's contact information. Officer Fleming arrested Reinhold.

Officer Fleming did not observe any physical indications that the car was stolen upon initial inspection, and Reinhold had keys to the car. But Officer Fleming did notice a handgun under the driver's seat through an open car door. Reinhold had told Officer Fleming about the handgun and that he was handling the gun just before Officer Fleming approached. Reinhold also told Officer Fleming that none of the property found in the car was his.

Reinhold was charged by information with first degree unlawful possession of a firearm and first degree unlawful possession of a stolen vehicle. Both crimes were charged with an allegation that the crimes were aggravated by the circumstance that Reinhold was under community custody when he committed the crimes.

Pretrial, Reinhold filed a *Knapstad*[1] motion that alleged the State was unable to establish a prima facie case showing he knowingly possessed the stolen vehicle. The trial court denied the motion.

At trial, the State presented the following evidence relating to the ownership of the car. On March 14, LeeRoy Jackson appeared at the police station to claim the car. Jackson testified that he owned the car, the car was stolen on March 4 from his driveway when it was running with the

---

[1] *State v. Knapstad*, 107 Wn.2d 346, 353-54, 729 P.2d 48 (1986).

keys in the ignition, and he had only owned the car for about 10 days at that point. He paid $3,000 cash for the car at a dealership in Tacoma, but he did not have a purchase agreement or bill of sale. Jackson's and his wife's names were not on the car's registration, but the dealership had told him that everything would be "all good to go and coming in the mail." 4 Verbatim Report of Proceedings at 447. Officer Fleming testified that Reinhold told him he purchased the car from a person named Ashley but could not provide any contact information or any details about the transaction. Officer Fleming also testified that Reinhold told him another person, Jennifer, possibly reported the car stolen.

At the conclusion of the State's case, Reinhold moved to dismiss the case again, arguing that there was insufficient evidence to prove that he knowingly possessed the stolen vehicle. The trial court denied the motion.

The jury found Reinhold guilty as charged. After trial, but before sentencing, Reinhold requested a continuance because his private investigator discovered that Jackson was never identified as the purchaser, legal owner, or registered owner of the car. The State argued that this information was already testified to, Reinhold had thoroughly cross-examined Jackson on the matter, and Reinhold had the opportunity to conduct such an investigation before trial. The trial court held that a continuance was not required in the administration of justice because sentencing would not affect Reinhold's remedies for a new trial, denied Reinhold's motion, and sentenced Reinhold. Reinhold appeals.

ANALYSIS

A.    SUFFICIENCY OF EVIDENCE

Reinhold argues that there was insufficient evidence to prove an essential element of unlawful possession of a stolen vehicle—that he knowingly possessed the stolen vehicle. Specifically, Reinhold argues that there was no evidence that he knew the car was stolen. Reinhold also argues in a SAG that there was insufficient evidence to prove who the true owner of the car was. We disagree.

1.  Legal Principles

To sustain a conviction, the State must prove all the elements of an offense beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); U.S. CONST. amend. XIV; WASH. CONST. art. I, § 3. The test for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *State v. Rich*, 184 Wn.2d 897, 903, 365 P.3d 746 (2016). Circumstantial evidence and direct evidence are equally reliable. *State v. Farnsworth*, 185 Wn.2d 768, 775, 374 P.3d 1152 (2016).

We review a challenge to the sufficiency of the evidence de novo. *Rich*, 184 Wn.2d at 903. A sufficiency challenge admits the truth of the State's evidence and all reasonable inferences drawn from it. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). We defer to the fact finder on issues of conflicting testimony, witness credibility, and persuasiveness of the evidence. *State v. Ague-Masters*, 138 Wn. App. 86, 102, 156 P.3d 265 (2007).

Under RCW 9A.56.068, a "person is guilty of possession of a stolen vehicle if he or she possess [possesses] a stolen motor vehicle." "Possess" is defined as "knowingly to receive, retain,

possess, conceal, or dispose of stolen property knowing that it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto." RCW 9A.56.140(1). Thus, to be convicted of unlawful possession of a stolen vehicle, the defendant must have withheld or appropriated the vehicle for the use of a person other than "the true owner or person entitled thereto." RCW 9A.56.140(1). "Owner" is defined as "a person, other than the actor, who has possession of or any other interest in the property or services involved, and without whose consent the actor has no authority to exert control over the property or services." RCW 9A.56.010(11).

"[B]are possession of recently stolen property alone is not sufficient to justify a conviction." *State v. Couet*, 71 Wn.2d 773, 775, 430 P.2d 974 (1967). But possession of recently stolen property combined with slight corroborative evidence may justify a conviction. *State v. Withers*, 8 Wn. App. 123, 128, 504 P.2d 1151 (1972). Such corroborative evidence includes an explanation of how the defendant came to possess the property which a "jury could regard as improbable." *State v. Portee*, 25 Wn.2d 246, 254, 170 P.2d 326 (1946); *State v. Womble*, 93 Wn. App. 599, 604, 969 P.2d 1097 (1999).

2. Sufficient Evidence Supports Knowing Possession

In this case, the State presented sufficient evidence of Reinhold's knowing possession of a stolen vehicle. At trial, Jackson testified that he owned the car, having purchased it from a dealership on March 4, about 10 days before it was stolen from his driveway with the keys in the ignition. Reinhold was in possession of the car after it was stolen from Jackson. Reinhold said he bought the car from a person named Ashley three days before his arrest, but he was unable to provide Ashley's contact information, a bill of sale, title, vehicle registration, or any other

information about Ashley or the transaction. And the property found inside the car did not belong to Reinhold.

Reinhold argues that there was no physical indication that the car was stolen and that Officer Fleming admitted Reinhold looked surprised when he was told the car was stolen. However, the evidence is viewed in the light most favorable to the State. We also defer to the fact finder on issues of conflicting testimony, witness credibility, and persuasiveness of the evidence. Because Reinhold was unable to provide any details whatsoever about Ashley or his transaction with her, a jury could regard Reinhold's explanation as improbable. Similarly, a jury could regard Reinhold's vague claim that Jennifer may have reported the car as stolen to get him into trouble as improbable. An improbable explanation combined with possession of a recently stolen vehicle is sufficient to justify a conviction. Based on the evidence, a reasonable jury could conclude beyond a reasonable doubt that Reinhold knew the car was stolen. Therefore, we hold that there was sufficient evidence to prove that Reinhold knew the car he possessed was stolen.

3. Sufficient Evidence Supports True Ownership

Reinhold also argues in a SAG that there was insufficient evidence to support his conviction because the State failed to prove who the true owner of the car was. We disagree.

Jackson testified that he owned the car and that it was stolen on March 4. He paid $3,000 cash for the car at a dealership in Tacoma. Jackson's and his wife's names were not on the car's registration, but the dealership had told him that everything would be "all good to go and coming in the mail." 4 VRP at 444-45. While Reinhold argues that Jackson did not have any physical proof of ownership and that the car was not registered to him at the time it was stolen, the evidence is viewed in the light most favorable to the State. Viewed in this light, the amount of detail

6

contained in Jackson's testimony was sufficient for a jury to infer that Jackson was the true owner and conclude beyond a reasonable doubt that Reinhold withheld or appropriated the car from the true owner. Moreover, where conflicting testimony exists, we defer to the fact finder on issues of witness credibility and persuasiveness of the evidence. Therefore, we hold that Reinhold's challenge fails.

B.      CONSTITUTIONALITY OF THE CHARGING DOCUMENT

Reinhold argues that the charging information was constitutionally deficient because it failed to set forth all the essential elements of first degree unlawful possession of a stolen vehicle, citing *State v. Satterthwaite*, 186 Wn. App. 359, 344 P.3d 738 (2015). We disagree because *State v. Porter*, 186 Wn.2d 85, 375 P.3d 664 (2016), disapproved of *Satterthwaite* and resolves this exact issue.

1.  Legal Principles

A defendant has the constitutional right to be informed of the charges against him. *State v. Johnson*, 180 Wn.2d 295, 300, 325 P.3d 135 (2014); U.S. CONST. amend. VI; WASH. CONST. art. I, § 22. The State formally gives notice of charges by information, which "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." CrR 2.1(a)(1). We review the adequacy of a charging document de novo. *Johnson*, 180 Wn.2d at 300.

The information is constitutionally sufficient if all the essential elements of the crime are included in the document. *State v. Vangerpen*, 125 Wn.2d 782, 787, 888 P.2d 1177 (1995). "'An essential element is one whose specification is necessary to establish the very illegality of the behavior charged.'" *State v. Zillyette*, 178 Wn.2d 153, 158, 307 P.3d 712 (2013) (internal quotation marks omitted) (quoting *State v. Ward*, 148 Wn.2d 803, 811, 64 P.3d 640 (2003)). The

primary purpose of the essential element rule is "to apprise the accused of the charges against him or her and to allow the defendant to prepare a defense." *Vangerpen*, 125 Wn.2d at 787. Definitions of essential elements are not necessary to include. *Porter*, 186 Wn.2d at 94. If the State fails to allege every essential element of the crime, then the information is deficient and the charge must be dismissed without prejudice. *State v. Nonog*, 169 Wn.2d 220, 226, 237 P.3d 250 (2010).

2. Charging Document Was Constitutionally Sufficient

*Porter* resolves the exact argument that Reinhold raises. In *Porter*, the court addressed the argument that Porter's conviction should be overturned because the charging document omitted an essential element of the offense of possession of a stolen vehicle—RCW 9A.56.140(1)'s definition of possession as to "withhold or appropriate [stolen property] to the use of any person other than the true owner or person entitled thereto." 186 Wn.2d at 88. The charging document against Porter stated

> [that Porter], in the State of Washington, on or about the 27th day of August, 2011, did unlawfully and feloniously knowingly possess a stolen motor vehicle, knowing that it had been stolen, contrary to RCW 9A.56.068 and 9A.56.140, and against the peace and dignity of the State of Washington.

*Id*. The court held that the charging document was constitutionally sufficient. *Id.* at 94. The court reasoned that the charging document did not need to include RCW 9A.56.140(1)'s withhold and appropriate language because it merely "define[d] and limit[ed] the scope of the essential elements of the crime of unlawful possession of a stolen motor vehicle." *Id.* at 91. The court emphasized that the charging document "sufficiently articulated the essential elements of the crime for which Porter was charged, making further elaboration of what it mean[t] to unlawfully possess stolen property unnecessary." *Id.* at 92.

8

Here, Reinhold also argues that the information filed against him omitted the essential element that he withheld or appropriated the stolen vehicle for use by someone who was not the true owner or person entitled thereto. The information filed against Reinhold stated

> [that Reinhold], in the State of Washington, on or about the 14th day of March, 2014, did unlawfully and feloniously knowingly possess a stolen motor vehicle, knowing that it had been stolen, contrary to RCW 9A.56.068 and 9A.56.140 . . . and against the peace and dignity of the State of Washington.

Clerk's Papers at 2. The information here and in *Porter* are nearly identical. Therefore, we hold that *Porter* controls; the information did not need to include the withhold and appropriate language of RCW 9A.56.140(1), and the information charging Reinhold with possession of a stolen vehicle was constitutionally sufficient.

C.    STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

Reinhold also argues that (1) his trial counsel provided ineffective assistance, and (2) the trial court erred by denying his request for a continuance. We disagree.

1. Ineffective Assistance of Counsel

Reinhold argues that his trial counsel provided ineffective assistance because he failed to conduct a meaningful investigation before trial. We decline to address this issue on direct appeal.

We review ineffective assistance of counsel claims de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). To establish a claim of ineffective assistance of counsel, Reinhold must show both deficient performance and resulting prejudice. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). Where the claim is brought on direct appeal, the reviewing court will not consider matters outside the trial record. *Id.* at 335. To raise an issue on appeal that requires evidence or facts not in the trial record, a personal restraint petition should be filed. *Id.*

9

Here, Reinhold raises claims that rely on evidence not in the trial record. Reinhold argues that his trial counsel failed to interview "Ashley Johnson," who was allegedly the person who sold him the car. SAG at 7. Reinhold also argues that his trial counsel failed to investigate who the legal owner of the car was. Because these issues rely on evidence outside the record, we decline to address them on direct appeal.

2. Request for Continuance

Reinhold argues that the trial court erred by denying his request for a continuance before sentencing and relies on CrR 3.3(f) to support his argument. We disagree.

CrR 3.3(f) allows the trial court to grant a continuance of the trial date when motioned for by the court or a party and "such continuance is required in the administration of justice and the defendant will not be prejudiced in the presentation of his or her defense." CrR 3.3(f)(2). A trial court's decision to grant or deny a continuance of the trial date falls within its sound discretion. *State v. Madsen*, 168 Wn.2d 496, 513, 229 P.3d 714 (2010).

A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. *State v. Lord*, 161 Wn.2d 276, 283-84, 165 P.3d 1251 (2007). Such is the case when the trial court relies on unsupported facts, takes a view no reasonable person would take, applies an incorrect legal standard, or bases its ruling on an erroneous view of the law. *Id.* at 284.

Here, the trial court did not abuse its discretion. Reinhold requested a continuance based on the work of his private investigator after trial had concluded and the jury had returned its verdicts. The investigator had apparently discovered that Jackson was never documented as the purchaser or registered owner of the car. This evidence was testified to at trial, Reinhold had

10

thoroughly cross-examined Jackson on the matter, and Reinhold had the chance to conduct such an investigation before trial. Thus, a continuance was not required because the evidence in the investigator's possession was already presented at trial.[2]

Furthermore, because the request for a continuance was brought after the conclusion of trial and guilty verdicts had already been returned, the request for a continuance under CrR 3.3 was untimely. Therefore, the trial court did not abuse its discretion, and we hold that Reinhold's argument fails.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, A.C.J.

Melnick, J.

---

[2] Additionally, the trial court's denial of Reinhold's request for a continuance did not prejudice him because he could still raise his arguments in a post trial motion.

11