IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 78247-9-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| VILASAK CHUCK PHIMMACHAK, | ) | UNPUBLISHED OPINION |
| A.K.A. PHIMMACHAK CHUCK | ) | |
| VILASAK, | ) | FILED: August 5, 2019 |
| | ) | |
| Appellant. | ) | |

SMITH, J. — Vilasak Phimmachak appeals his conviction for possession of a stolen vehicle. He argues that the evidence presented by the State was insufficient for a reasonable jury to conclude that he knew the car he possessed was stolen. Because a jury could reasonably infer that Phimmachak had knowledge the car was stolen from the evidence presented at trial, we affirm.

FACTS

On September 9, 2017, Seattle police officers discovered Phimmachak asleep in the back seat of a stolen car. Phimmachak was subsequently arrested and charged with possession of a stolen vehicle.

At trial, the car's owner, Rachel Jolly, testified that on September 8, 2017, she went to the Alderwood Mall in Lynnwood to see a movie. After leaving the theater, Jolly returned to where she had earlier parked her car to discover it missing. Concluding that her car was stolen, Jolly called the Lynnwood Police Department. Jolly testified that her car was a Honda Accord sedan, which she

described as a "small little car." She testified that her child's car seat was in the back seat of her Honda.

Seattle Police Officer Charles Miller testified that the next day, September 9, 2017, he was on patrol with his partner, Officer Marc Powell. Officer Miller spotted a vehicle parked in a very unusual spot. Specifically, the car was parked in a "no parking" zone in an industrial area next to an encampment. He further noted that the people who work in the area "all park across the street" from where he had spotted the vehicle. He ran the vehicle's license plate and discovered that it was reported stolen. Officer Miller approached the vehicle and found a man, later identified as Phimmachak, asleep in the back seat. Officer Miller testified that he attempted to open the doors, but the vehicle was locked. Officer Miller subsequently got Phimmachak to open the door and placed Phimmachak in handcuffs.

Officer Powell testified that he searched the vehicle. He removed a child safety seat from the driver's seat, leaned into the vehicle, and saw obvious damage to the ignition. He testified: "That's when I peeked over the far side of the steering column and realized the ignition wasn't there." He testified that the ignition looked as if it was "punched out," referring to a process allowing someone to drive the car without a key. He noted this was usually accomplished with a screwdriver and a hammer.

After Officers Powell and Miller discovered Jolly's car, the Lynnwood Police Department informed Jolly that it was being towed. Jolly testified that when she retrieved her car, the ignition was obviously damaged. Jolly further

stated that there were plastic and metal pieces of the ignition and a screwdriver on the floor of the car on the driver's side. Jolly also testified that she found an additional screwdriver and a hammer in the car that did not belong to her. When Jolly put her key into the damaged ignition, the ignition fell out with the key.

The jury convicted Phimmachak as charged. Phimmachak appeals.

ANALYSIS

Phimmachak states that mere possession of a stolen vehicle is insufficient to establish that he knew the property was stolen. He argues that the evidence presented by the State was insufficient for a reasonable jury to find that he knew the car was stolen. We disagree.

It is well settled that knowledge is an element of possessing a stolen vehicle. State v. Plank, 46 Wn. App. 728, 731, 731 P.2d 1170 (1987). "A person knows of a fact by being aware of it or having information that would lead a reasonable person to conclude that the fact exists." State v. Womble, 93 Wn. App. 599, 604, 969 P.2d 1097 (1999). "Although knowledge may not be presumed because a reasonable person would have knowledge under similar circumstances, it may be inferred." Womble, 93 Wn. App. at 604. The State bears the burden to prove knowledge beyond a reasonable doubt. State v. McHenry, 13 Wn. App. 421, 424, 535 P.2d 843 (1975), aff'd, 88 Wn.2d 211, 558 P.2d 188 (1977). Once a jury has determined that the State has met this burden, our review is highly deferential to the determination of the jury. State v. Davis, 182 Wn.2d 222, 227, 340 P.3d 820 (2014). Specifically, a sufficiency-of-the-evidence challenge requires that we look at the evidence in the light most

3

favorable to the State. State v. Luther, 157 Wn.2d 63, 77, 134 P.3d 205 (2006). Additionally, "all reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Furthermore, "[a] claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." Salinas, 119 Wn.2d at 201.

Here, the State's evidence was sufficient for a reasonable jury to find that Phimmachak knew that the car he was sleeping in was stolen. Specifically, Officer Powell testified that there was obvious damage to the ignition. Moreover, Jolly testified that the damage to the ignition was "very apparent," with pieces of it lying on the driver's side floor. She also testified that the damage was "obvious" even before she tried putting the key into the ignition and that the rims to the ignition were missing. The car was also described as a "small little car." Finally, the State presented evidence that the car seat had been moved to the front seat and that the doors were locked when Phimmachak was found inside.

From this evidence, a jury could reasonably infer that Phimmachak was the person who moved the car seat and/or locked the car. Furthermore, because the car was small, a jury could reasonably infer that Phimmachak saw the front of the car and therefore the "obvious" damage to the ignition when he moved the car seat or locked the car. Indeed, because the car was small, the jury could reasonably infer that Phimmachak saw the ignition from the back seat even if he did not move the car seat. Finally, a jury could reasonably infer that Phimmachak knew the car was stolen because, by seeing the state of the

ignition, Phimmachak had information that would lead a reasonable person to conclude that the car was stolen. See Womble, 93 Wn. App. at 604 ("A person knows of a fact by being aware of it *or having information that would lead a reasonable person to conclude that the fact exists*.") (emphasis added). For these reasons, Phimmachak's sufficiency challenge fails.

Phimmachak argues that the evidence proves only that the ignition was damaged, not that Phimmachak saw the damage or knew the car was stolen. He points out that the damage was not apparent to Officer Powell until after he moved the child seat. But it was apparent from a video of the incident that Officer Powell was standing outside the driver's side door when he removed the car seat. By contrast, Phimmachak was lying in the back seat. When Officer Powell leaned into the car after removing the child seat, the damage became "obvious." Therefore, even if Officer Powell did not immediately see the damage from his perspective outside the car, a reasonable juror could infer that Phimmachak saw the damage from inside the car. Consequently, the evidence presented was sufficient to support the conviction.

We affirm.

WE CONCUR:

Mann, A.C.J.