**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 78959-7-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| ABDI HUSSEIN HILOW, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: November 4, 2019 |
| | ) | |

MANN, A.C.J. — Abdi Hilow appeals his conviction for possession of a stolen vehicle. He argues that there was insufficient evidence to demonstrate that he knew the car was stolen. Because a jury could reasonably infer that Hilow knew that the car was stolen from the evidence presented at trial, we affirm.

I.

Diane Chantha's gray Honda Civic was stolen from her parking garage on February 14, 2018. Chantha had left clothes, papers, pay stubs, and her W-2 forms in the car. Chantha noticed that her car was missing around 10 p.m. and found broken glass in the parking stall. Chantha reported that the car had been stolen to the Seattle Police Department.

The Honda was equipped with a LoJack device which emits a radio signal indicating its location. Around 11:30 p.m. that evening, a police officer observed Chantha's Honda in the Green Lake area. A man in his twenties or thirties was in driver's seat. The man drove away before the officer could stop the car.

On the afternoon of February 15, police officers found the Honda parked on a residential street with the engine running. Hilow, the car's only occupant, was slumped over in the driver's seat, asleep. Several officers were quietly approaching the Honda when a police canine accidently stepped on a button that activated the police car siren. Hilow woke up and drove away. Before Hilow drove away, Officer Brandon Caille noted that Hilow was "tweaking," and appeared to be "extremely high on drugs."

Hilow lost control of the car, causing the Honda to fall down an embankment. Hilow got out of the car and began to run away. Officer Jacob Briskey arrived on the scene and released his canine partner, Blitz, who chased Hilow and detained him. The officers apprehended Hilow.

One of the Honda's rear windows was broken and there was shattered glass in the car. Hilow had been operating the Honda with a spare key that Chantha left inside the vehicle. While searching Hilow incident to arrest, the officers found a baggie containing black tar heroin. Hilow told an officer that he had consumed PCP (Phencyclidine). The officers also found a "window punch" on Hilow, which is used to break car windows. Chantha did not know Hilow, nor did she give him permission to use her car.

Hilow was charged with one count possession of a stolen vehicle and one count of attempting to elude a pursuing police vehicle.

The jury was instructed that it could consider the evidence of Hilow's intoxication to determine whether he acted with the requisite knowledge. The jury found Hilow guilty of both charges.

Hilow appeals only the conviction for possession of a stolen vehicle.

II.

Hilow argues that the State failed to prove that he knew the car was stolen beyond a reasonable doubt. Hilow argues that there was insufficient evidence that he knew the car was stolen because mere possession of a stolen car is not sufficient to prove actual knowledge. We disagree.

In a sufficiency challenge, we look at the evidence in the light most favorable to the State and determine whether any rational trier of fact could have found the elements beyond a reasonable doubt. State v. Luther, 157 Wn.2d 63, 77, 134 P.3d 205 (2006). "All reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). A sufficiency challenge admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom. Salinas, 119 Wn.2d at 201. This court's review on a sufficiency of the evidence challenge is highly deferential to the jury's decision. State v. Davis, 182 Wn.2d 222, 227, 340 P.3d 820 (2014).

A person is guilty of possession of a stolen vehicle if he or she possesses a stolen motor vehicle. RCW 9A.56.065. It is well settled that knowledge is an element of possessing a stolen vehicle. State v. Plank, 46 Wn. App. 728, 731, 731 P.2d 1170 (1987). "A person knows of a fact by being aware of it or having information that would lead a reasonable person to conclude that the fact exists. Although knowledge may not

-3-

be presumed because a reasonable person would have knowledge under similar circumstances, it may be inferred." State v. Womble, 93 Wn. App. 599, 604, 969 P.2d 1097 (1999).

The State has the burden of establishing that defendant had actual knowledge, but it may prove actual knowledge through circumstantial evidence. State v. Allen, 182 Wn.2d 364, 374, 341 P.3d 268 (2015). Mere possession of recently stolen property will not support the assumption that a person knew the property was stolen. State v. Ford, 33 Wn. App. 788, 790, 658 P.2d 36, (1983). However, once the State has established that a person rode in a vehicle taken without the owner's permission, only "slight corroborative evidence" is needed to establish the defendant's guilty knowledge. Womble, 93 Wn. App. at 604. Absence of a plausible explanation and flight are corroborative factors in establishing guilty knowledge. Womble, 93 Wn. App. at 604; State v. Bruton, 66 Wn.2d 111, 112, 401 P.2d 340 (1965). Flight as evidence of guilt has been called into question in Massachusetts, where the court held that a black man running away from a police officer asking the man to stop was insufficient to support reasonable suspicion. Commonwealth v. Warren, 475 Mass. 530, 538-39, 58 N.E.3d 333 (2016). The court held that evasive conduct alone is insufficient to support reasonable suspicion. Warren, 475 Mass. at 538.

Here, there was sufficient evidence for a reasonable jury to find that Hilow knew the car was stolen. It is undisputed that Hilow was found in possession of Chantha's stolen Honda. Chantha did not know Hilow, or give him permission to use her car.

The additional corroborative evidence supports a finding of Hilow's guilty knowledge. Hilow fled from the police, first in the Honda and subsequently on foot after

-4-

he crashed the car. Although flight alone does not demonstrate that Hilow knew the car was stolen, there is additional evidence in this case that is indicative of Hilow's knowledge. Here, the back window of the car was broken and there was shattered glass inside the car. Hilow had a window punch on his person, which is a tool used to break windows during vehicle thefts. The car contained Chantha's personal items. Finally, Hilow was discovered in the Honda less than 24 hours after the car had been stolen.

Hilow contends that there was evidence of another person being in possession of the car, and that Hilow lacked the requisite knowledge due to his intoxication. Here, the jury was not persuaded by this evidence, and the jury found that Hilow had the requisite knowledge despite his drug use. We give great deference to the jury's decision. Here, the other facts indicating that the Honda was stolen meet the standard of "slight corroborative evidence." Therefore, there was sufficient evidence to support the jury's conviction of Hilow.

We affirm.

_____
Mann, ACJ.

WE CONCUR:

_____          _____
                                                          Leach, J.

-5-